(84 South. 753)

BEECH v. STATE. (1 Div. 122.)

(Supreme Court of Alabama. Dec. 18, 1919.)

CRIMINAL LAW ⚖=427(5)—DECLARATIONS OF COCONSPIRATOR INADMISSIBLE, WITHOUT ESTABLISHING CONSPIRACY.

In a murder prosecution where evidence was insufficient to establish prima facie that a conspiracy existed between defendant and others at time of alleged declarations of one of the others, the admission of such declarations was prejudicial.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Demus Beech was convicted of murder in the first degree, and he appeals. Reversed and remanded.

Appellant was jointly indicted with Quinnie and Henry Loper for the murder of one James M. Turner, Jr. A severance was demanded, and appellant tried, resulting in a conviction of murder in the first degree, and punishment being fixed at life imprisonment, from which judgment of conviction he prosecutes this appeal.

The evidence tended to show that deceased was shot on the morning of March 7, 1918, between sunrise and 9 o'clock, and that his body was found near his team by the road in the woods, about a mile and a half from his home. Quinnie and Henry Loper were brothers. Appellant married their sister, and at the time of the killing was living with his mother-in-law, where Quinnie Loper, who was unmarried, also lived. The theory of the state is that the killing of deceased was the result of a conspiracy on the part of these three; there being no positive testimony, as shown by this record, as to who did the actual firing of the gun or guns.

There was some evidence tending to show a conspiracy or concert of action at the time of the killing, as contended by the state. The state was permitted to ask the witness Ferguson, over the timely objection of the defendant, whether or not he had ever heard Quinnie and Henry Loper make any accusations against the dead man as to taking or selling sheep. Defendant objected to this question upon numerous grounds, including one that it was not made in his presence. Exception was reserved to the overruling of said objection, and witness was permitted to answer that Quinnie had made some remarks to the effect that "the Turners are taking all the sheep they can from everybody." This remark was made nearly 12 months before the killing. Defendant's motion to exclude the testimony was overruled. The state, over the objection of the defendant, was also permitted to prove by the witness Middleton that a year before the killing of deceased she heard Quinnie Loper say "that, if the Turner boys

didn't stay out of the woods meddling with stock, they were going to get in trouble and bad trouble." Exception was reserved to the action of the court in overruling the motion to exclude this testimony.

Webb, McAlpine & Grove, of Mobile, for appellant. No brief came to the Reporter.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State. The court did not err in any of its rulings on the evidence. 98 Ala. 72, 13 South. 530; 77 South. 979; 82 South. 574; 12 Corpus Juris, 634.

GARDNER, J. The questions reserved for consideration here relate to the admissibility of certain declarations made by Quinnie and Henry Loper, jointly indicted with appellant, but separately tried, some of which testimony appears in the foregoing statement of the case. The most damaging of these declarations appear to have been made nearly a year previous to the murder for which the defendant was on trial, and were not made in the presence or hearing of defendant. The theory upon which the admissibility of this testimony rests is that, when a conspiracy has been shown to exist for the commission of an offense, then the acts, declarations, and conduct of each conspirator, done or expressed in promotion of or in relation to the object or purpose of such conspiracy, become the acts, declarations, or conduct of each coconspirator, and may be given in evidence against him. As said, however, in McAnally v. State, 74 Ala. 9:

"But, to allow such testimony to go to the jury, a foundation must be laid by proof sufficient, in the opinion of the judge presiding, to establish, prima facie, the existence of such conspiracy."

See, also, Hunter v. State, 112 Ala. 77, 21 South. 65; Ferguson v. State, 149 Ala. 21, 43 South. 16; Smith v. State, 133 Ala. 73, 31 South. 942; Brindley v. State, 193 Ala. 43, 69 South. 536, Ann. Cas. 1916E, 177; Patterson v. State, 79 South. 459.[1] In volume 3 of Wigmore on Evidence, section 1797, in discussing this question, is the following:

"The acts and admissions of an agent are available to charge the principal, when they occurred in the course of his employment, and of a coconspirator, when they occurred in the duration of the conspiracy."

Therefore the general rule is that declarations of an alleged coconspirator, made before the existence of the alleged conspiracy, are not admissible in evidence against the other coconspirators. State v. Gilmore, 151 Iowa, 618, 132 N. W. 53, 35 L. R. A. (N. S.) 1084, and note.

The bill of exceptions discloses that it contains all the evidence which is material to the questions presented. A careful review of the testimony in the record, which has been read in consultation, fails to show, in our opinion, that there was sufficient proof to make out a prima facie case of conspiracy existing at the time of the alleged declarations embraced in the testimony admitted; said declarations having been made, as previously stated, about a year before the killing. Such being the case, therefore, the declarations of these codefendants were not admissible against the appellant here, and the admission of such testimony must work a reversal, as we are of the opinion that it was prejudicial to appellant's cause.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.