(87 South. 92)

## LOPER v. STATE.   (1 Div. 161.)

(Supreme Court of Alabama.   Dec. 16, 1920. Rehearing Denied Jan. 20, 1921.)

1. **Criminal law** ⬅427(5)—**Prima facie conspiracy necessary to render evidence of declarations admissible.**

Trial court erred in the admission in evidence of declarations of alleged conspirators made in contemplation and promotion of the criminal plan, where the evidence failed to show prima facie a conspiracy.

2. **Criminal law** ⬅386—**State must show that dogs were trained to follow human tracks.**

In order to render admissible the fact that a defendant has been trailed by dogs from the scene of the crime with which he is charged, the state must first show that the dogs were trained to follow human tracks.

3. **Criminal law** ⬅448(8)—**Question called for conclusion of witness.**

A question to witness with reference to certain tracks seen by him near the scene of a murder, "Whose track did it resemble?" called for a mere opinion of the witness and was properly excluded, as in such a case the witness should state the facts which show the resemblance.

Appeal from Circuit Court, Washington County; Ben. D. Turner, Judge.

Quinnie Loper was convicted of murder, first degree, and appealed. Reversed and remanded.

Webb, McAlpine & Grove, of Mobile, for appellant.

The case should be reversed, on the authority of Beech, 203 Ala. 529, 84 South. 753.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Wide latitude is allowed in proving conspiracy, and the court was not in error in any of its rulings. 82 South. 574; 77 South. 979; 98 Ala. 72, 13 South. 530; 12 Corpus Juris, 634.

SOMERVILLE, J.   [1] In Beech v. State, 203 Ala. 529, 84 South. 753, wherein Beech was separately tried under a joint indictment with the defendant in this case and

<hr/>

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

another for the same murder, it was held that the evidence failed to show prima facie a conspiracy between Beech and the others for the commission of the murder, and hence that the trial court erred in the admission in evidence of their declarations made in contemplation and promotion of the murder plan. The evidence offered by the state in the instant case to show a conspiracy existing between defendant and the others, at the time they made the declarations admitted in evidence against defendant's seasonable objection, is of the identical character and substance as that relied upon in the Beech Case, and for the reasons there stated the admission of these declarations must be held to be reversible error.

[2] In order to render admissible the fact that a defendant has been trailed by dogs from the scene of the crime with which he is charged, the state must first show that the dogs were trained to follow human tracks. Gallant v. State, 167 Ala. 60, 52 South. 739; Richardson v. State, 145 Ala. 46, 41 South. 82, 8 Ann. Cas. 108. We cannot say that the trial judge was in error in holding as competent and sufficient the evidence of the sheriff and the witness Brown as to the training and qualifications of the dog used to trail this defendant. The weight of that evidence was of course a matter for the consideration of the jury.

[3] The question to the witness Scarbrough with reference to certain tracks seen by him near the scene of the murder, "Whose track did it resemble?" called for a mere opinion of the witness, and was properly excluded. In such a case the witness should state the facts which show the resemblance. Terry v. State, 118 Ala. 79, 23 South. 776; Livingston v. State, 105 Ala. 127, 16 South. 801; Pope v. State, 174 Ala. 63, 57 South. 245.

Several objections were made to the court's oral charge to the jury, but, as the same questions are not likely to recur on another trial, we pretermit their consideration here.

For the error noted, the judgment of conviction will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.