### SEGARS v. STATE. (8 Div. 99.)

(Court of Appeals of Alabama. June 26, 1923. Rehearing Denied Oct. 16, 1923.)

1. **Criminal law ☞427(3)—Accomplice permitted to testify where corpus delicti is proven without first proving a conspiracy.**

An accomplice in the theft of a car may be permitted to testify where the corpus delicti is proven, and he testifies to facts, and identifies the participants, including himself, without first proving a conspiracy.

2. **Criminal law ☞511(2) — Testimony of an accomplice must be strengthened by testimony of other witnesses.**

Under the rule of the common law and Code 1907, § 7897, that a conviction for felony cannot be had on the uncorroborated testimony of an accomplice, the corroboration must be of some fact which will strengthen the testimony of the accomplice as to the participation of the defendant in the crime charged.

3. **Criminal law ☞511(4)—Testimony held to be sufficient corroboration of accomplice's testimony as to defendant's part in theft of car.**

The testimony of an accomplice as to defendant's part in the theft of a car *held* sufficiently corroborated by the testimony of a witness who saw defendant and others near the place of theft where accomplice said they were.

4. **Criminal law ☞741(1)—Sufficiency of evidence held for the jury.**

The sufficiency of the evidence is a question for the jury and not of law.

On Rehearing.

5. **Criminal law ☞1091(10), 1095—Bill of exceptions presented more than 90 days after judgment of conviction properly stricken; not considered when not showing exception to ruling on motion.**

A bill of exceptions applicable to a judgment of conviction, presented to the trial judge more than 90 days after judgment of conviction, must be stricken, and, though presented within 90 days of judgment on the motion for new trial, where it fails to show any exception to the action of the court in overruling the motion, it cannot be considered under Acts 1915, p. 722.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Arthur Segars was indicted with two others for the theft of a Ford car. From a judgment convicting this defendant, he appeals. Affirmed.

George E. Barnett, of Florence, for appellant.

Before acts and declarations of a conspirator are admissible it is incumbent on the state to make out a prima facie case of conspiracy. Beech v. State, 203 Ala. 529, 84 South. 753; Loper v. State, 205 Ala. 216, 87 South. 92. A conviction for a felony cannot be had on the uncorroborated testimony of an accomplice. Code 1907, § 7879; Wallis v. State, 18 Ala. App. 108, 90 South. 35; Morris v. State, 17 Ala. App. 126, 82 South. 574.

Harwell G. Davis, Atty. Gen., for appellee.

No brief reached the Reporter.

SAMFORD, J. One of the defendants, Elmer Pelt, admitted guilt; another, Willie Sharpston, testified for the state, and was by order of the court discharged. This defendant was alone placed on trial.

There are many exceptions noted to the introduction of testimony, all of which we have considered, but none of them constitute reversible error, or present questions of merit, except as shall hereinafter appear.

[1] Those exceptions based upon the objection that an accomplice cannot testify until a conspiracy has been shown to exist are not well taken, and the cases of Loper v. State, 205 Ala. 216, 87 South. 92, and Beech v. State, 203 Ala. 529, 84 South. 753, are not in point. In the cases cited the effort was made to prove the declarations of alleged conspirators, before evidence of a conspiracy had been introduced, which prima facie established a conspiracy. A very different case is the one at bar. Here the corpus delicti is proven, and one of the guilty parties testifies to the facts, and identifies the participants, including himself.

[2] This testimony shows him to be an accomplice in the commission of a felony, and, recognizing the fraility of human nature and

proneness of one caught in the meshes of the law to lay his crime on another, if by so doing he may escape a just punishment, both by the common law and by statute (Code 1907, § 7897) it is provided that a conviction for felony cannot be had on the uncorroborated testimony of an accomplice. This corroboration must be of some fact which will strengthen or make stronger the testimony of the witnesses so testifying to the fact of the participation of the defendant in the crime charged. Malachi v. State, 89 Ala. 134, 8 South. 104; Wallis v. State, 18 Ala. App. 108, 90 South. 35.

[3, 4] The testimony of Sharpston was that the three of them indicted got together about 8 o'clock at night; went together along the road to Russell's house, where he watched, and the other two got the car. The evidence further showed that it was in the country on the night of April 7th. About 8 o'clock on that night defendant and Elmer Pelt, who admitted his guilt, and another boy, whom the witness did not then recognize, were seen together on the public road, where Sharpston said they were, and about one-fourth of a mile from where the car was stolen, walking in the direction of the Russell home. Under authority of Ross v. State, 74 Ala. 532, we hold this to be sufficient corroboration. The sufficiency of the evidence is a question for the jury and not a question of law.

We find no error in the record, and the judgment is affirmed. Affirmed.

### On Rehearing.

[5] It is now called to our attention that the judgment of conviction in this case was rendered September 13, 1922, and that the bill of exceptions was not presented to the trial judge until December 18th. This being more than 90 days from the rendition of judgment, the bill of exceptions as applicable to the judgment of conviction must be stricken. The judgment on the motion for new trial was rendered on September 30th, and therefore, as to the judgment on the motion, the bill of exceptions was presented in time, but the bill of exceptions fails to show any exception to the ruling of the court in overruling the motion. Acts 1915, p. 722. The application for rehearing is overruled.