74

108 So.2d 376

**Ural ROBINSON, alias,**

v.

**STATE.**

3 Div. 29.

Court of Appeals of Alabama.

Oct. 7, 1958.

Rehearing Denied Oct. 28, 1958.

———◇———

D. W. Crosland, Montgomery, for appellant.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant, Ural Robinson, stands convicted of transporting illegal alcoholic beverages in quantities of five gallons or more.

The evidence presented by the State tends to show Charles Smith, Ned Harris, Marvin Daniels, Catherine Brown and the appellant left Montgomery for some place in North Florida, admittedly for the purpose of buying whiskey.

They left in two cars, a Dodge, and a Chevrolet, both registered in the name of the appellant, and both admittedly owned by the appellant, though appellant contended he had loaned the Chevrolet to Ned Harris for the purpose of this trip.

Charles Smith drove the Chevrolet as they left Montgomery, the rest of the party riding in the Dodge, some fifteen or twenty glass jugs being loaded in the Chevrolet at appellant's home before the departure. Appellant claimed he gave these jugs to Harris.

At Elba Charles Smith was arrested for driving without a license, and jailed. He was fined $29.50 for this offense, and the fine was paid by this appellant. According to Mr. Willie Williamson, Assistant Chief of Police of the City of Elba, who received the amount of the fine from the appellant, the appellant "was kind of bragging and boasting a little and said that all this belonged to him and that he would take care of it." Mr. Williamson observed several empty glass jugs in the Chevrolet when he examined it in Elba.

From Elba on Ned Harris drove the Chevrolet, Smith transferring to the Dodge.

The two cars were driven on to Florida, the appellant riding in the Dodge, which stopped a short distance from the place where the liquor was bought. Ned Harris consummated the purchase of the whiskey which was loaded in the Chevrolet.

The party then started on the return trip to Montgomery, with Harris driving the

whiskey laden Chevrolet. In Montgomery County the two cars, with the Dodge trailing a short distance behind the Chevrolet, were stopped by officers about 7:30 A. M. Some fifty gallons of moonshine whiskey was found in the Chevrolet.

The appellant denied that he had bought any part of the whiskey, or owned any interest therein.

Charles Smith and Marvin Daniels, who had pleaded guilty to the charges of transportation filed against them appeared as witnesses for the State. Their testimony was to the effect above outlined.

Ned Harris and appellant appeared as witnesses for the defense.

The tendency of their testimony was to the effect that Harris was the purchaser and sole owner of the whiskey.

Counsel for appellant contends that appellant's conviction rests upon the uncorroborated testimony of accomplices.

There is no merit in this contention.

Actually the testimony of the two accomplices was corroborated in many aspects by the testimony of the appellant, and his witness Harris.

In addition is the testimony of Officer Williamson to the effect that appellant paid Charles Smith's fine in Elba, and stated that "all this" belonged to him. Appellant was the owner of both cars used in the trip to Florida.

Further, when an accomplice and an accused are seen together in rather unusual places and times in proximity to the locus of a crime which occurs at an unseasonable hour, the requirements of corroboration are met. De Graaf v. State, 34 Ala.App. 137, 37 So.2d 130; Segars v. State, 19 Ala.App. 407, 97 So. 747; Tidwell v. State, 37 Ala.App. 228, 66 Co.2d 845.

The charges refused appellant were refused without error in that they were either abstract, argumentative, not predicated upon the evidence, misleading, or covered by other charges given at appellant's request, or the court's oral charge.

Affirmed.