217 So.2d 823

**Henry PHIFFER**

v.

**STATE.**

**3 Div. 361.**

Court of Appeals of Alabama.

Jan. 14, 1969.

Chas. M. Ingrum, of Duke & Booth, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal from the Circuit Court of Montgomery County, Alabama, wherein the appellant was found guilty of burglary and grand larceny in a trial by jury and was sentenced by the court to a term of three years in the State penitentiary.

John Pickett testified that on the night, April 13, 1968, he and two others were riding in an automobile proceeding down

Decatur Street in Montgomery; that as they passed Allen Appliance and Refrigeration Co. he observed that the front door had been "busted in;" that he saw someone inside the store duck down behind some air conditioners; that the figure "got up" again; and that he observed that the figure was wearing a light colored jacket or sweater. Pickett further testified that a little further down the street he saw "a white Buick about '62 or '63, and had an Eat More Beef tag on it, Alabama Cattlemen's Association with a cowboy hat on it." The witness stated that he saw "two colored fellows behind the car with the trunk up." Pickett then testified that he went to a telephone nearby and called the police and that when he returned to the scene the police were there.

Robert Hinds, testifying for the prosecution, stated that he was in the automobile with Pickett; that he saw a man in Allen Appliance and Refrigeration Co.; that he saw a Buick automobile parked in front of the store; and that two men were standing behind said automobile's open trunk. Hinds testified that he and his companions drove to a nearby store where the police were called; that he and Tom Gregg drove back to the scene and observed that the buick was gone; that he saw one man walking down the side of the street with a television set in each hand; and that the man turned between two houses where he disappeared from view. Hinds then stated that the Buick automobile he saw was a white '62 or '63 model bearing an "Eat More Beef" tag on the front.

On cross-examination, Hinds testified that the person he saw in the store was wearing light colored clothes. He also stated that the only description he could give of the man walking down the street was that he was colored.

Tom Gregg testified that he was riding with witnesses Pickett and Hinds on the night in question; that he saw someone inside Allen Appliance and Refrigeration Co. who was dressed in a "fairly light sweater;" that there was an automobile parked nearby with the trunk open; and that he saw someone standing by the open trunk. Gregg testified that he also saw someone walking down the street with two television sets and that the figure turned between two houses and disappeared. Gregg then stated that he subsequently saw the automobile which he previously testified to parked at the Police Station and that it was a white Buick with an "Eat More Beef" tag on it.

Detective Robert Earl Lynch of the Montgomery Police Department testified that, while on duty on the night in question, he received a call to go to the scene where he observed the door of the store had been "busted open." Lynch further testified that two television sets were found across the street from the store, behind two small shrubs. The witness also testified that he subsequently saw the appellant at police headquarters and that he was dressed in dark trousers and a bright colored shirt.

Leon Sankey testified that he met Robert Lindsey and the appellant at the Ty-Jauna Club on the night of the alleged burglary; that after the club closed, he and the other two left in his automobile; that he drove to Decatur Street where he parked the car, which was a light yellow 1961 Buick; and that said car had an "Eat More Beef" sign on it. Sankey then testified that Robert Lindsey and the appellant got out of the car and broke into Allen Appliance and Refrigeration Co.; that he saw Lindsey come back down the street with two television sets; that a car passed by; and that he and Lindsey left, leaving the appellant behind. Sankey stated that he then returned to his home and went to bed but was subsequently awakened by Lindsey and the appellant who asked him to take them to Newton; and that he assented and began to drive them to Newton when he was stopped by the police and arrested about one block from his house.

At the conclusion of Sankey's testimony on direct-examination, the defense moved that the testimony given by Sankey be excluded on the ground that it was the uncorroborated testimony of an accomplice. The motion was denied.

Subsequent to the defendant's motion being denied, Davis Philhower testified that he was a Sergeant with the Montgomery Police Department; that while on duty on the night in question, he received a dispatch concerning a white '63 Buick which had an "Eat More Beef" sign on the front; and that he subsequently saw a car fitting that description and stopped it. Philhower stated that the appellant, Robert Lindsey and Leon Sankey were in the car and that on the back floorboard were two television sets and a television stand. The witness then testified that the appellant and the other two men were then placed under arrest for burglary and grand larceny.

J. E. Causey, a Detective with the Montgomery Police Department, testified that on the night in question he received a call concerning a burglary at Allen Appliance and Refrigeration Co.; and that he drove to the scene and upon arriving there saw the appellant standing on a corner across the street from Allen's looking back at the store.

Causey then stated that he stopped the appellant and asked him his name; that the appellant replied that it was Phiffer; that he gave his address as Key Street; and that he said he had been to the Ty-Jauna Club and was en route home.

Appellant contends in brief that he was convicted on the uncorroborated testimony of an accomplice in violation of Tit. 15, Sec. 307, Code of Alabama, 1940, which states:

"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

In Sorrell v. State, 249 Ala. 292, 31 So. 2d 82, the Supreme Court of Alabama stated in part that:

"The corroboration necessary to support the testimony of an accomplice must be of some fact tending to prove the guilt of the accused. It is not sufficient if it is equivocal or uncertain in character and must be such that legitimately tends to connect the defendant with the crime. It must be of a substantive character, must be inconsistent with the innocence of the accused and must do more than raise a suspicion of guilt."

The uncontroverted fact that the appellant was arrested along with the two alleged accomplices while riding in the vehicle which contained the stolen property in question is sufficient corroboration upon which to sustain a conviction.

Therefore, the judgment in this cause is due to be and the same is hereby

Affirmed.