260 So.2d 614

**Edwin P. PRYOR**

v.

**STATE.**

**I Div. 145.**

Court of Criminal Appeals of Alabama.

April 4, 1972.

Fred F. Smith, Jr., Fairhope, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was tried by the Circuit Court of Baldwin County, convicted of burglary in the second degree, and sentenced to five years imprisonment.

On October 28, 1970, a motion for a change of venue was filed by appellant based on an alleged inflammatory editorial and letter published in a local newspaper with regard to the offense with which the appellant was charged and contending that this editorial and letter would prevent a fair trial in Baldwin County. The motion was presented to the court on the same date by the attorneys on oral argument and overruled by the court. Insofar as the record shows, no evidence of any kind was offered to support the motion. The burden of proving the motion to the reasonable satisfaction of the court was cast on the appellant. Maund v. State, 254 Ala. 452, 48 So.2d 553. Since the appellant failed to discharge this burden, there was no error in overruling the motion.

At the conclusion of the State's testimony the appellant's motion to exclude the testimony was overruled by the court. He also requested the affirmative charge, among others, which the court refused. He did not testify nor offer any testimony in his defense.

The testimony in substance offered by the State shows that on the night of August 24, 1970, about midnight Stacey's Drug Store in Elberta was burglarized by breaking the glass and entering the store through the front door. A cabinet locked at the time had been pried open and some drugs were found to be missing by the owner when he was summoned to the store after midnight. An employee had heard the noise of the breaking in through an intercom system from the store to his house and had summoned the police, who with an officer from the sheriff's department went quickly and set up a road block at an intersection of Highway 59 and Dixie Road, about seven miles from Elberta. Witnesses Childress, the deputy sheriff, and the policeman, Byrd, stated that shortly after they set up the road block, the appellant and one Clark drove up in a red Volkswagen and were stopped by the officers, who transferred them to a police car and took them back to town. This was sometime after midnight and in about thirty minutes the officers returned to the intersection and found a pillow case with several bottles of drugs in it on the right side of the road where the Volkswagen in which appellant and Clark were riding had passed which was about one hundred yards before they reached the road block.

These bottles and vials of drugs were identified by the owner of the drug store as being part of the drugs missing from the store. Clark testified that he and appellant were together on the night in question; that they were riding in the red Volkswagen with him driving; that appellant broke into the store while he drove around the block; that he then picked appellant up with the pillow case and above mentioned drugs which appellant said he got in the store; that they then drove out of town on Highway 59 Northward until stopped at the road block; and that they had thrown the pillow case and its contents out on the right side of the highway two or three hundred feet before reaching the police cars at the intersection.

■ Under the testimony above set out, it is plain that as a matter of law State's witness Clark was an accomplice. Where there is no conflict in the testimony, this is a question of law for the court to determine.

In brief the appellant argues strenuously that the testimony of the accomplice Clark connecting the appellant with the crime is not corroborated as required under Tit. 15, § 307, Code of Alabama, 1940, as recompiled 1958, which sets out the familiar rule as follows:

"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

This rule has been the subject of myriad decisions by the appellate courts, not all of them seemingly harmonious, and the borderlines are sometimes hazy and hard to distinguish. The factual situation in each case in which the question arises must be carefully tested to see if it meets the spirit and purpose of the rule.

Appellant relies heavily on King v. State, 44 Ala.App. 119, 203 So.2d 466, and Smith v. State, 45 Ala.App. 63, 223 So.2d 605. Both of these cases can be distinguished from the case at bar even though making reference to the tests for the operation of the Statute.

In Tidwell v. State, 37 Ala.App. 228, 66 So.2d 845, this court said:

"Being in the company of an accomplice in proximity in time and place to the commission of a crime is not always sufficient corroboration to meet the requirements of our statute, Section 307, Title 15, Code of Alabama 1940; Commander v. State, 28 Ala.App. 42, 178 So. 241; Kemp v. State, 24 Ala.App. 591, 139 So. 437. Yet, when the accomplice and accused are seen together in rather unusual places and times, in proximity to the scene of the crime which was committed at an unseasonable hour, the requirements of corroboration are met. DeGraaf v. State, 34 Ala.App. 137, 37 So.2d 130; Segars v. State, 19 Ala.App. 407, 97 So. 747; Ross v. State, 74 Ala. 532. . . ."

In Segars v. State, 19 Ala.App. 407, 97 So. 747, it is said:

". . . [I]t is provided that a conviction for felony cannot be had on the uncorroborated testimony of an accomplice. This corroboration must be of some fact which will strengthen or make stronger the testimony of the witnesses so testifying to the fact of the participation of the defendant in the crime charged. . . ."

■■ In the case at bar in addition to the testimony of the accomplice Clark, we have the testimony of the officers who found on the right side of the road which appellant had recently passed the pillow containing the bottles of drugs, which were

later identified by the owner of the store by his stock number as merchandise from his drug store. We have the fact of the appellant being in the company of the accomplice at a late and unusual hour and driving at a high rate of speed on a highway leading from Elberta, from which a reasonable inference might be drawn that they were attempting to escape. In our opinion this testimony materially strengthens the testimony of the accomplice and tends in itself to connect the appellant with the commission of the burglary.

Both circumstantial and direct evidence are of course competent to connect the defendant independently with the crime about which the accomplice has testified.

It follows that there was no error in the court's overruling the motion to exclude the evidence of the State, nor in its refusing the appellant's requested affirmative charge.

■ The court gave several charges in writing requested by the appellant and refused twelve. Charges 5, 6, 7, 8, 10, 14, 15 and 16 are adequately covered by the oral charge of the court and therefore properly refused. Charge 4 was abstract as to the facts of this case and Charges 13 and 11 have been condemned in prior decisions of the appellate courts. Charge 7 was held bad in Richardson v. State, 33 Ala.App. 40, 29 So.2d 883. No error appears in the refusal of any of these charges.

In addition to the matters heretofore dealt with, the court has carefully reviewed the record for error and finding none, the cause is due to be affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Affirmed.

PRICE, P. J., and .CATES, ALMON and TYSON, JJ., concur.