Burglary and grand larceny; sentence: ten years.
The appellant was convicted for the burglary of the Authorized Service Company, Montgomery, Alabama, and the grand larceny of several items from that store. An accomplice testified that the appellant aided him in the commission of the charged crimes. The appellant did not testify nor present any evidence in his behalf.
There are two arguments presented by the appellant which deserve consideration: (1) Did the appellant's drunkenness prevent him from forming the specific intent necessary for burglary and grand larceny; and (2) was the circumstantial evidence corroborating the accomplice sufficient to authorize a conviction.
The undisputed evidence showed that on the evening of November 29, 1975, the appellant and Mack Norsworthy drove around Montgomery trying to figure out a way to make some money. They were both drinking "pretty heavy". They drove to the back door of the Authorized Service Company which Mr. Norsworthy knew was closed down. Norsworthy then went around to the front of the store and used a rock to break the front window and gain entry into the store. Norsworthy testified that he carried something out of the building and placed it in the car and told the appellant that there was still some "stuff" in the building. The appellant then went into the building, looked. around, and helped Norsworthy carry items out to the car, among these items being an adding machine and a calculator.
The appellant and Norsworthy then left Authorized Service and were stopped and arrested by two officers of the Montgomery Police Department who had received a description *Page 421 
of an automobile involved in a burglary which was similar to the car driven by Norsworthy. After the appellant and Norsworthy stepped out of the car, the police officers saw an adding machine on the back seat and a calculator on the floorboard.
Four days before the trial of the appellant, Norsworthy pleaded guilty to breaking and entering Authorized Service Company.
 I
It is well settled in Alabama that mere drunkenness, voluntarily produced, is never a defense against a criminal charge unless it is so extreme as to render impossible some mental condition which is an essential element of the criminal act. Walker v. State, 91 Ala. 76, 9 So. 87 (1891); Scott v.State, Ala.Cr.App., 333 So.2d 619 (1976). A specific criminal intent is an essential element of the crime of burglary (Code of Alabama, Title 14, Section 85; Yelton v. State, 56 Ala. App. 272, 321 So.2d 234, cert. denied 294 Ala. 745, 321 So.2d 237
(1975)) and of larceny (Code of Alabama, Title 14, Section 331;Jones v. State, 55 Ala. App. 274, 314 So.2d 876, cert. denied294 Ala. 761, 314 So.2d 879 (1975)). The appellant contends that because of his drunkenness he could not have formed the necessary mental intent.
The undisputed evidence shows that the appellant and his accomplice had been drinking beer and wine "pretty heavy" for a period of approximately two and one-half hours while riding around town prior to the crimes charged. Both of them were "drunk" but the appellant was not drunker than Norsworthy; they were "about the same" and had had about the same amount to drink. The appellant did not pass out. Norsworthy stated he could not remember what he took from Authorized Service but stated he thought there was a calculator and perhaps an adding machine. Norsworthy was able to drive his automobile after the burglary without having a wreck.
Although all the evidence shows that the appellant was drunk at the time of the commission of the crimes, there was no evidence to show as a matter of law that the appellant was intoxicated to such an extent as to render him incapable of harboring the required intent. Gautney v. State, 284 Ala. 82,222 So.2d 175 (1969). Partial intoxication will not avail to disprove the specific intent; it must be of such character and extent as to enable the accused incapable of consciousness that he is committing a crime; incapable of discriminating between right and wrong — stupefaction of the reasoning faculty.Chatham v. State, 92 Ala. 47, 9 So. 607 (1890); Waldrop v.State, 185 Ala. 20, 64 So. 80 (1913); Johnson v. State,32 Ala. App. 217, 24 So.2d 228 (1945). Proof that the accused was merely drunk or intoxicated at the time of the commission of the offense, without more, is insufficient to show that the accused was legally incapable of forming the specific intent required in burglary and grand larceny. Here the evidence of intoxication was for the jury for the purpose of ascertaining whether the appellant's condition rendered him incapable of harboring the special intent. Brown v. State, 39 Ala. App. 149,96 So.2d 197 (1957) and cases cited therein at 39 Ala. App. 153.
While the trial judge did not instruct the jury on the criteria of voluntary drunkenness, the trial judge will not be put in error for the failure so to charge unless the defendant asks for the appropriate instruction. Code of Alabama, Title 7, Section 273; Brown, supra.
 II
The appellant contends that the corroboration of the testimony of the accomplice was insufficient to support a conviction under Title 15, Section 307, Code of Alabama, as amended, requiring that a felony conviction cannot be had on the uncorroborated testimony of an accomplice. Here the corroborative evidence was the uncontroverted fact that the appellant was arrested along with the alleged accomplice while riding in a vehicle which contained the stolen property in question. This court has previously held that this fact alone is *Page 422 
sufficient corroboration upon which to sustain a conviction for burglary and grand larceny. Phiffer v. State, 44 Ala. App. 611,217 So.2d 823 (1969). Corroboration of the testimony of an accomplice need not be sufficiently strong of itself to support a conviction, and it is sufficient if it tends to connect the accused with the offense. Cunningham v. State, 54 Ala. App. 656,312 So.2d 62, and cases cited therein at 54 Ala. App. 658.
We have searched the entire record for error as required by law and have found none. Therefore, this case is due to be and is hereby
AFFIRMED.
All the Judges concur.