Jerry Wayne Andrews, Namon Earl Andrews, and Billy Gerald Oliver were jointly indicted for the burglary of the uninhabited dwelling house of Terry Dixon. Jerry and Namon Andrews were tried jointly and convicted. Each was sentenced to four years' imprisonment.
The only question on appeal is the sufficiency of the evidence to support the convictions.
The State's chief witness was Billy Gerald Oliver who admitted his participation in the burglary and was an accomplice as a matter of law. Jacks v. State, 364 So.2d 397,403 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala. 1978);Pryor v. State, 47 Ala. App. 706, 260 So.2d 614 (1972). As such his testimony requires corroboration. Section 12-21-222, Code of Alabama 1975.
Oliver testified that he told Jerry Andrews, who was driving a red van, to stop at Dixon's house. Oliver then went up to the door and knocked. Finding no one home, he went to the garage on the side of the house and broke into the freezer, took the meat out and, with Namon's help, started putting it in Jerry's van. Jerry then broke into the house with a tire tool. Jerry and Oliver went in while Namon "rode around, up and down the road". Inside the house they "plummeted around, looked around". Oliver carried a microwave oven outside and Jerry took a .22 caliber rifle.
Namon returned, picked them up and they all went to Jerry's trailer where they left all the stolen merchandise except some of the meat which they were going to take to Oliver's house. On the way they were. stopped and arrested by officers of the Dothan police and Houston County Sheriff's Department.
The test for determining whether there is sufficient corroboration of the testimony of an accomplice consists of eliminating the testimony given by the accomplice and examining the remaining evidence to determine if there is sufficient incriminating evidence tending to connect the defendant with the commission of the offense. Miller v. State, 290 Ala. 248,275 So.2d 675 (1973). A neighbor stated that a red van pulled up in front of Dixon's house and two men ran from the van to the house. The van left and twenty minutes later returned, stopped, and then left again.
Dixon testified that when he returned to his house, which had been locked the back door was open as were the sliding glass doors. The "closet doors were open, clothes were shuffled, as though someone had been looking in the closet". A .22 caliber rifle and a microwave oven were missing. Also "the freezer had been broken into and a quantity of meat was missing". The freezer was "under the carport, outside the house", and "not in any enclosure". The neighbor notified Dixon at 8:30 P.M.
Dothan city police officer Jackie Mendheim testified that around 9:30 P.M. on the night of the burglary, after receiving a radio dispatch, he attempted to stop a red van which "ran from" him. The van was stopped with the assistance of Houston County deputies and Jerry was driving. Namon and Oliver were also in the van. A portion of the stolen meat was found in a styrofoam cooler in the van. *Page 322 
Appellant Namon Andrews testified on behalf of both appellants that they picked up Oliver at Dixon's house after he had requested them to meet him at a nearby church. Oliver got into the van with the chest of meat which the appellants did not know he had just stolen. Namon testified that they never saw a rifle or a microwave oven and disclaimed any knowledge of or participation in the larceny and burglary.
The corroboration of an accomplice must tend to connect the accused with the commission of the crime but need not refer to any statement or fact testified to by the accomplice. "Corroborate means to strengthen, to make stronger; to strengthen, not the proof of any particular fact to which the witness has testified, but to strengthen the probative, criminating force of his testimony." Malachi v. State, 89 Ala. 134,140-141, 8 So. 104, 106 (1889); Smith v. State, 230 Ala. 413,416, 161 So. 538 (1935); Brown v. State, 31 Ala. App. 529,19 So.2d 88 (1944). The corroborative evidence need not be strong, nor sufficient of itself to support a conviction, the criterion being that it legitimately tend to connect the accused with the offense. Miller v. State, 290 Ala. 248,275 So.2d 675 (1973). Corroborative evidence need not directly confirm any particular fact nor go to every material fact stated by the accomplice. Bridges v. State, 52 Ala. App. 546,295 So.2d 266 (1974); Dykes v. State, 30 Ala. App. 129,1 So.2d 754 (1941). Corroborative evidence need not directly connect the accused with the offense but need only tend to do so. Statev. Canada, 107 Ariz. 66, 481 P.2d 859, cert. denied,404 U.S. 848, 92 S.Ct. 154, 30 L.Ed.2d 87 (1971). See Pearce v. State,26 Ala. App. 492, 495, 164 So. 114, cert. denied, 231 Ala. 150,164 So. 118 (1935) ("(B)ut, as we read the cases, the corroboratory evidence, if it meets the test of `tending to connect the defendant with the commission of the offense', need not be, in and of itself alone, that tending in any wise to fasten guilt upon the defendant"); 23 C.J.S. Criminal Law § 812 (3) (1961). The sufficiency of corroborating evidence is established if its probative value tends to connect the defendant with the commission of the crime. Lowe v. State,32 Ala. App. 178, 22 So.2d 618 (1945). The corroboration of an accomplice may be shown by circumstantial evidence. Blevins v.State, 56 Ala. App. 115, 319 So.2d 734, cert. denied, 294 Ala. 753, 319 So.2d 739 (1975); Tidwell v. State, 23 Ala. App. 409,126 So. 186 (1930).
In certain instances, association with the accomplice tending to show the accused's proximity, chronologically and geographically, to the alleged offense may furnish sufficient corroboration. Ross v. State, 74 Ala. 532 (1883); DeGraaf v.State, 34 Ala. App. 137, 37 So.2d 130 (1948). Evidence of the defendant's possession of property stolen at the time of the offense may also be sufficient to corroborate an accomplice's testimony. Malachi, supra; Green v. State, 342 So.2d 419
(Ala.Cr.App. 1977); Pryor v. State, 47 Ala. App. 706,260 So.2d 614 (1972); Phiffer v. State, 44 Ala. App. 611, 217 So.2d 823
(1969). Evidence of flight or other indications of consciousness of guilt may be considered as corroborative evidence. Freeman v. State, 41 Ala. App. 512, 138 So.2d 56
(1962).
Applying these principles to the facts of this case we find that the testimony of the accomplice was sufficiently corroborated. While the larceny of the meat from the freezer was not a product of the burglary, the two crimes, though separate, were part of a single criminal transaction occurring at the same time and place. Goode v. State, 337 So.2d 1364
(Ala.Cr.App. 1977); Bibb v. State, 339 So.2d 1108 (Ala.Cr.App. 1976). The possession of the meat and the attempted flight, to mention but two corroborating factors, logically and reasonably tend to connect the appellants with the charged crime. Under the circumstances of this case the corroborative evidence is inconsistent with the innocence of each appellant and does more than merely raise a suspicion of guilt.
While the mere presence of the stolen meat in the van may be consistent with the innocence of the two appellants under their version of the facts, the flight when the police attempted to stop them is wholly *Page 323 
inconsistent. At trial the appellants did not attempt to explain the flight and simply denied that it occurred. Here several facts, even though slight and entitled to little consideration when standing alone, combine to form a tightly woven web of circumstantial evidence tending to connect the appellants with the crime and corroborate the testimony of the accomplice. Those facts are that both appellants and the admitted accomplice were apprehended in a red van containing the fruits of a larceny committed at the same time and outside the house which was burglarized. One appellant was driving the van. There was evidence of an attempt to elude the police and escape. According to a neighbor's testimony at least three men participated in the burglary and used a red van similar to the one in which the appellants were riding when apprehended. Under these facts the guilt or innocence of the appellants was properly submitted to the jury.
We have searched the record and found no error prejudicial to either appellant. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.