BOWEN, Judge.
The appellant was convicted of arson in the first degree and sentenced to eighteen years’ imprisonment. The only question raised on appeal is the sufficiency of the evidence to support the conviction.
John Tindle, pursuant to an arrangement with the appellant, entered into a contract with John R. Ambrose, a real estate salesman, to purchase a small residential house for $8,500.00. Tindle then insured the house for $10,000.00 and its contents for $5,000.00. The arrangement was that Tin-dle would “come up with the funds” and the appellant would “do the rest” and have the house burned. At the time of the appellant’s trial, Tindle had been indicted for the same offense.
James Lacy testified that the appellant contacted him to burn “that house” for $250.00, which Lacy was to receive after the house had burned. The appellant showed him the house.
Some time later Lacy returned and spread diesel fuel and gas, which the appellant had previously left, “around the house”. Lacy, using “cigarettes stuck between matches”, set a fuse in the kitchen and one in the living room. These did not go off. Lacy left and returned with another fuse. He was trying to set a new fuse when “all of a sudden it went up”. Lacy *62 stated that he could not truthfully say who burned the house because he did not know. When “it blew up” Lacy was set afire. He ran outside and saw “a man running across the road”. Lacy testified that he “don’t know whether (he) dropped a spark or someone else threw a match through the window”.
State Fire Marshal John W. Hammac testified that he found no sign of accidental burning of Tindle’s house, that a “flammable material” was indicated and that the house “blowed out which a house will do when there are gasoline flumes and a flame ignites it”. Without objection he testified that the “police department had already found some (containers that appeared to have contained gasoline or diesel fuel) when (he) got there”.
Mr. Ambrose stated that he sold the house to Tindle; that the appellant was repairing the house for him and that the appellant said that “he had somebody that might want to buy the house”. When an agreement was reached regarding the house, Tindle, the appellant, and Ambrose were the only ones present. Ambrose denied any knowledge that the appellant and Tindle planned to have the house burned.
Ambrose saw the burned house and then went by the appellant’s trailer where he found Tindle and the appellant’s wife outside. Ambrose did not see the appellant.
Ambrose further testified that he told the appellant that he would not sell the house without insurance on it. When Ambrose told the appellant that he had received Tin-dle’s policy, the appellant “look(ed) at it very closely”.
■ Four witnesses testified for the prosecution. Excluding the testimony of the two admitted accomplices, the corroborative evidence has to be found in the testimony of Fire Marshal Hammac and realtor Am-brose.
Indulging every inference favorable to the prosecution, Marshal Hammac’s testimony revealed that Tindle’s house had been intentionally burned with the use of some flammable material such as gas or diesel fuel. Nothing in his testimony even tended to connect the appellant with the arson.
The testimony of realtor Ambrose also failed to connect the appellant with the crime. From his testimony we know that the appellant had repaired the house for Ambrose; that the appellant “had somebody (Tindle) that might want to buy the house”; that when Ambrose and Tindle reached an agreement on the purchase price of the house the appellant was present; that the appellant asked to see Tindle’s insurance policy on the house when Amb-rose brought up the matter; that the appellant looked at the policy “very closely”; and, that, on the morning after the fire, Tindle was outside the appellant’s trailer although the appellant was not there.
It is clear that the appellant was convicted on the uncorroborated testimony of his two accomplices in violation of Section 12 — 21—222, Code of Alabama 1975.
The test for determining whether there is sufficient corroboration of the testimony of an accomplice consists of eliminating the evidence given by the accomplice and then examining the remaining evidence to determine if there is sufficient incriminating evidence tending to connect the defendant with the commission of the crime. Miller v. State, 290 Ala. 248, 275 So.2d 675 (1973); McLaren v. State, 353 So.2d 24 (Ala.Cr.App.), cert. denied, 353 So.2d 35 (Ala.1977). The corroborative testimony need not be sufficiently strong in itself to support a conviction. It is sufficient if it legitimately tends to connect the accused with the offense. Senn v. State, 344 So.2d 192 (Ala. 1977). However it must raise more than a suspicion that the defendant participated in the crime. Harris v. State, 351 So.2d 681 (Ala.Cr.App.1977). Suspicious conduct on the part of the defendant is not, in itself, sufficient corroboration of an accomplice’s testimony. Lindhorst v. State, 346 So.2d 11 (Ala.Cr.App.), cert. denied, 346 So.2d 18 (Ala.1977). Here there was no conflict in the evidence and the question of whether Tindle and Lacy were accomplices was for the court and not the jury. Pryor v. State, 47 Ala.App. 706, 260 So.2d 614 (1972).
*63 On appeal the State argues that James Lacy was not an accomplice as a matter of law because he was not “indicted for the offense, and it was undisputed that Lacy had neither accomplished the burning of the house nor been paid by the appellant to burn the house”. These three arguments are without merit.
The test of whether a witness is an accomplice is whether the witness could have been indicted and convicted of the offense charged either as principal or accessory. Logan v. State, 291 Ala. 497, 282 So.2d 898 (1973). Here Tindle and Lacy admitted their participation in the arson and that participation was not disputed. The facts that Lacy received no money from the appellant for burning the house and that he testified that he did not know who burned the house are of no import. The facts stand undisputed that Lacy entered into an agreement with the appellant to burn Tindle’s house. Lacy spread gasoline and diesel fuel around the house and was in the process of attempting to detonate a third fuse when an explosion occurred. Therefore, regardless of whether Lacy actually ignited the fire by a spark or whether some unidentified party did so with a match, the fact remains that Lacy participated in the arson by spreading the gasoline with the intent to burn the house. The fact that Lacy participated in a conspiracy or an illegal venture with the appellant to burn Tindle’s house made him as guilty as the appellant even if he did not personally strike the match. Ladd v. State, 39 Ala.App. 172, 98 So.2d 56, cert. stricken, 266 Ala. 586, 98 So.2d 59 (1957). The fact that Lacy was not paid for his services has absolutely no bearing on whether or not he was an accomplice.
We recognize that it is difficult to prove arson. However that does not relieve the State of its statutory duty not to convict a defendant upon the uncorroborated testimony of an accomplice.
The appellant’s motion to exclude the State’s evidence and request for a directed verdict were due to be granted. Since a second trial is barred by the double jeopardy clause, Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), this cause is reversed and rendered.
REVERSED AND RENDERED.
All Judges concur.