Appellant Jerry Lauderdale was indicted for capital murder, a violation of § 13A-5-40, Code of Alabama 1975. He was convicted of the lesser included offense of murder and was sentenced to life imprisonment.
The state's evidence tended to show the following: On January 31, 1983, the appellant, his brother, and Barry Bramlett were driving around Marion County. They were also consuming alcohol. They started talking and decided to go over to Jack Adams's home. The appellant had some "business" to take care of with Adams. When they arrived at Adams's trailer, Bramlett said he would wait in the car. The appellant told him that they might have to beat up Adams so he had better come with them. Bramlett did not know Adams, but he got out of the car and stood at the end of the trailer. The appellant and his brother went in the trailer. Through the open door of the trailer, Bramlett saw appellant and his brother striking Adams. The fight continued to the outside steps of the trailer. Adams broke loose, but appellant "got back with him again." After Adams broke free a second time, the appellant shot him twice, and, to make sure he was dead, he shot him a third time. Bramlett did not know that the appellant had a gun until Adams was shot. All three ran to the car and left. The next morning Bramlett went with appellant to dispose of the gun in a pond.
 I
Appellant raises two issues dealing with his motions for a directed verdict. Initially, he contends that his motion for a directed verdict at the close of the state's case should have been granted. Specifically, appellant contends that Bramlett was an accomplice, and therefore, he argues, Bramlett's testimony had to be corroborated before appellant could be convicted. Section 12-21-222 states:
 "A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient." *Page 801 
First, we must determine whether Bramlett was an accomplice. "'[A]n accomplice is defined as "an associate in crime; a partner or partaker in guilt," Darden v. State, 12 Ala. App. 165,167, 68 So. 550, 551 (1915).' Jacks v. State,364 So.2d 397, 401-02 (Ala.Cr.App.), writ denied, 364 So.2d 406 (Ala. 1978)." Brownlee v. State, 545 So.2d 151, 159 (Ala.Cr.App. 1988).
 " 'Whether a witness is an accomplice may be a question of law or fact, depending on the circumstances. Doss v. State, 220 Ala. 30, 123 So. 231 (1929). However, the question of complicity is usually a question of fact; it becomes a question of law only where the court is clearly convinced by a preponderance of the evidence that the witness could have been indicted and convicted of the same charge of a felony for which the defendant is on trial and that the witness freely participated in the crime. Where there is no conflict in the testimony, the question of whether a witness is an accomplice is a question of law for determination by the trial court. Pryor v. State, 47 Ala. App. 706, 260 So.2d 614 (1972).'"
Curry v. State, 502 So.2d 836, 841-42 (Ala.Cr.App. 1986) quoting Jacks, supra, at 403.
Where the issue is in doubt, the question whether the witness is an accomplice is a question of fact for the jury. Jacks v.State, 364 So.2d 397 (Ala.Cr.App.), writ denied, 364 So.2d 406
(Ala. 1978). As Judge Bowen stated in Jacks, at 401: "[T]he classic and usual test to determine whether a witness is an accomplice is whether he could be indicted and convicted for the particular offense, either as principal or accessory."
In order to be convicted of capital murder, the accomplice must have possessed the requisite intent:
 " ' "[W]hen intent is one of the required constituent elements [of a crime], the co-conspirator, or accomplice, to authorize his conviction, must himself have entertained the intent, or must have known that the actor, whom he was encouraging, aiding, or abetting, entertained it. Without this individual intent, or personal knowledge, it can not be affirmed that he aided or abetted in the crime charged. . . ." (Quoting Tanner v. State, 92 Ala. 1, 7, 9 So. 613, 615
(1890).)' Ex parte Bates, 461 So.2d 5, 6-7 (Ala. 1984)."
Brownlee v. State, 545 So.2d at 160.
In this case, Bramlett admitted that he was present when the appellant shot Adams. Presence alone is not enough to show complicity. Fortier v. State, 515 So.2d 101 (Ala.Cr.App.), cert. denied, 484 U.S. 1043, 108 S.Ct. 776, 98 L.Ed.2d 862
(1987). Bramlett testified that they went to the victim's trailer to beat him up. He further stated that he did not know that the appellant had a gun. He also stated that he was outside at the end of the trailer when the fight started. At no time did Bramlett admit guilt regarding the killing. Bramlett did state at trial that the morning after Adams was shot, he went with the appellant to dispose of the gun.
Based on these facts, as a matter of law, Bramlett was only an accessory after the fact. Clearly, there existed a factual dispute as to the question of complicity. Corroboration is not needed when the witness is an accessory after the fact.Lewis v. State, 414 So.2d 135, 139 (Ala.Cr.App.), writ denied,414 So.2d 140 (Ala. 1982). Thus, the trial judge did not err in denying the appellant's motion for a directed verdict at the close of the state's evidence.
Appellant further argues that his motion for directed verdict should have been granted at the end of all of the evidence. The appellant presented evidence that Bramlett planned to blame the incident on him. This evidence alone put the issue of complicity in dispute. Because a dispute existed as to this issue, the burden of proof shifted to the appellant to prove that Bramlett was an accomplice. Ex parte Bates, 461 So.2d 5, 6
(Ala. 1984). Thus this issue was correctly presented to the jury for its resolution.
 II
Appellant further contends that the trial court erred in not allowing the testimony of Stewart Hughey, an inmate at *Page 802 
Limestone County Correctional Facility. Hughey proposed to testify that someone told him that a Ben Pickett killed Adams and that Pickett was accompanied by a Tommy Johnson. The appellee is correct in stating that the statement is hearsay. Certainly it is offered for the truth of the matter asserted. The appellant argues that he may show his innocence by proof of the guilt of another. This is a correct statement of law. However, evidence that another committed the crime generally must be competent. Allen v. State, 382 So.2d 1147, 1156
(Ala.Cr.App.), writ denied, 382 So.2d 1158 (Ala. 1980), quoting, Blevins v. State, 51 Ala. App. 214, 283 So.2d 664, 670
(1973).
Furthermore, the facts in the instant case are very similar to those in Jennings v. State, 513 So.2d 91 (Ala.Cr.App. 1987), in which this court held that evidence of a third party's guilt did not meet certain minimum requirements of admissibility and was therefore inadmissible.
 III
Last, appellant contends that the trial court erred in allowing the testimony of Calvin Poore. The prosecution called Poore as a rebuttal witness. After the witness testified, the appellant objected and asked that his testimony be stricken from the record. He also asked that the jury be instructed to disregard the testimony on the grounds that it was not rebuttal. In essence, Poore stated that the appellant told him that he did not kill Adams but that he knew who did. The trial court granted defense counsel's motion and stated: "I instruct you not to consider the testimony of this witness as not being rebuttal to testimony which was elicited during the defense portion of the trial. And that is the reason for that." Appellant's counsel moved for a mistrial, which the court denied.
In his brief, appellant contends that the testimony was too prejudicial and that the trial court's instructions were not sufficient to erase the testimony from the minds of the jury. As this court stated in Chesson v. State, 435 So.2d 177
(Ala.Cr.App. 1983), "Because appellant's objection was sustained by the trial court and the jury instructed to disregard the answer, there was no reversible error. [Citation omitted.] After the appellant's objection was sustained, his counsel requested no further curative action. There was therefore, no adverse ruling of which to complain here on appeal." Chesson v. State, 435 So.2d at 181.
Further, the testimony elicited from Poore was in no way detrimental to the appellant. If anything, it gave more credence to his proposition.
Appellant received a fair trial. His conviction is hereby affirmed.
AFFIRMED.
All the Judges concur.