BOWEN, Judge.
Johnny Garth, the appellant, was convicted of robbery in the first degree in violation of Ala.Code 1975, § 13A-8-41, and was sentenced to life imprisonment as a habitual felony offender. On this appeal from that conviction, he argues that the State’s evidence is insufficient to corroborate the testimony of his alleged accomplice. We agree.
The State’s evidence shows that on February 21, 1989, two black males committed a robbery at a Circle K convenience store in Madison County. The cashier at the store, Larry Lewis, could not identify either man. He did testify that one of the robbers was “about [the appellant’s] height and about his skin complexion.”
The two robbers escaped in a white van, which was spotted by the police a short time after the robbery in Council Court, a housing project located off Gallatin Street in Huntsville. The police observed one man flee from the van. Billy Charles Mosely was discovered inside the van, along with merchandise taken during the robbery.
An officer with the Canine division and his dog tracked the man who fled from the van. They discovered a pair of gloves, a ski mask, and a roll of black tape in front of Apartment B, Complex 718 Gallatin Street in Council Court. The accomplice, Mosely, later identified those items as those used in the robbery. The dog tracked the robber about 50 yards further toward Gallatin Street and lost the scent because it was raining.
Mosely testified that he and the appellant committed the robbery and that they used his van. After the robbery, they parked the van “right in front of [the appellant’s] house in Council Court.” Then they noticed the police, and the appellant exited the van and ran.
Huntsville Police Department Investigator Howard Turner testified that he talked to Mosely and that the appellant was arrested in Detroit, Michigan, some weeks or months after the robbery. The appellant gave the investigator a statement on August 15, 1989. Investigator Turner testified that the appellant “told [him] that he didn’t take part in the robbery but was asked by Billy Mosely to go with him to do it, but he didn’t go.” The prosecution rested its case at the conclusion of Investigator Turner’s testimony.
Defense counsel then requested the trial court to “dismiss this case on the grounds that there has been insufficient corroboration of an indicted Defendant, insufficient in nature, to connect my client with this case.” The circuit court denied this motion without comment.
“[W]here the sufficiency of the evidence is tested by a motion for a judgment of acquittal, we may examine only that evidence which was before the court at the time the motion was made.” Kimbrough v. State, 544 So.2d 177, 181 (Ala.Cr.App.1989). Even viewing the State’s evidence in the most favorable light possible, and affording that evidence all reasonable inferences against the appellant, the prosecution totally failed to corroborate the testimony of the accomplice.
“This Court has held that, assuming a witness is an accomplice, the question of whether there is sufficient corroborating evidence to support the witness’s testimony, as required by § 12-21-222, Code of Alabama 1975, is a question of law. Ex parte Bell, 475 So.2d [609, 613 (Ala.), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985)]....
*120 “To corroborate means to make more certain, to confirm, or to strengthen. Lewis v. State, 426 So.2d 932 (Ala.Cr.App.1982), cert. denied, 426 So.2d 938 (Ala.1983), and the corroborative testimony need not be strong or sufficient in and of itself to support a conviction. Andrews v. State, 370 So.2d 320 (Ala.Cr.App.1979), cert. denied, 370 So.2d 323 (Ala.1979). Corroborative evidence need not directly convict the accused of the crime, but need only tend to do so. Id.”
Ex parte Bankhead, [Ms. 89-1179, February 15, 1991] (Ala.1991).
“The process of analyzing the evidence to determine if there has been sufficient corroboration of an accomplice (or accomplices) is one of subtraction. That is, the trial court, on proper motion, as a matter of law is required to take away the evidence of the accomplice(s) and determine whether the rest of the testimony is sufficient to tend to connect the defendant with the commission of the offense.”
Kimmons v. State, 343 So.2d 542, 546 (Ala.Cr.App.1977) (emphasis in original).
Subtracting the testimony of the accomplice from this case, the only evidence tending to connect the appellant to the robbery in any form whatsoever is the appellant’s own statement that he declined the accomplice's invitation to participate in the robbery. The evidence presented by the State does not show when the accomplice asked the appellant to join him in the commission of the robbery. Apart from the testimony of the accomplice, there is no evidence of any flight by the appellant because there is no evidence that the appellant was even in Huntsville on the date of the robbery.
The judgment of the circuit court is reversed and this cause is rendered. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
REVERSED AND RENDERED.
All Judges concur.