# Granberry *v.* The State.

## *Murder.*

(Decided April 24, 1913. 62 South. 52.)

1. *Evidence; Separate Offenses.*—Where a dispute arose between defendant and decedent and a third person, which was followed by a fight in which defendant shot and killed such third person, whereupon decedent immediately fled, and was pursued by defendant who first shot at her, and then picked up an ax, and overtaking her, killed her several hundred yards from the house where the fight occurred, evidence of the killing of such third person was admissible on the trial of defendant for killing decedent charged in the indictment, as a part of the res gestæ of one continuous transaction, although such evidence proved a distinct felony.

2. *Same; Uncommunicated Intent.*—The defendant should not be permitted to state in his own behalf on direct examination the uncommunicated intent or motive with which he did the act charged; on cross-examination, however, his motives or intent may be inquired about.

3. *Trial; Argument of Counsel.*—Where proof of a fact is properly admitted in evidence, the solicitor, in commenting on the fact and arguing in respect to accused's state of mind as evidenced by it, was not guilty of improper argument.

4. *Charge of Court; Abstract Instructions.*—Charges submitting an issue to the jury on which there is no evidence are abstract and properly refused.

5. *Homicide; Insanity; Evidence.*—Where the defense of not guilty by reason of insanity was interposed in a homicide case, it was competent as tending to prove defendant's reasoned conduct immediately after the killing of decedent and a third person, that defendant came to the house of a witness and there left a shotgun and loaded shells with direction that the same be given to his son, and the shotgun and shells were also properly admitted in the same connection.

6. *Same; Evidence; Condition of Defendant.*—In a prosecution for murder in the first degree a defendant may show that he was under the influence of whiskey and cocaine at the time of the killing, and that he did not know what had taken place at that time.

7. *Same; Instructions.*—Where it was shown that defendant had used whisky and cocaine, and the effect it had had upon him at the time of the killing, and the state had shown that defendant had had whisky at the time, and that about five hours after the killing he

was found apparently asleep in a clump of bushes about a mile and a half from the killing, the court should have submitted to the jury the fact of defendant's intoxication, its extent and the effect upon his mind, and whether it rendered him capable of premeditation, and that formed design to take life, constituting legal malice essential to support a conviction of murder in the first degree.

8. *Same.*—Where the defense to a prosecution for homicide was insanity and intoxication, and the evidence showed intoxication, charges that if the jury had a reasonable doubt that accused was sufficiently sober to form a specific intent to take life, he could not be convicted of murder in the first degree, and that the presumption was that he was innocent until proven guilty beyond all reasonable doubt, properly submitted the law on intoxication, and did not touch on the defense of insanity, and hence their refusal was error.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Hill Granberry was convicted of murder in the first degree, and he appeals. Reversed and remanded.

Charge 13 is as follows: "In order for this defendant to be responsible for the crime with which he is charged, he must have sufficient power of memory to recollect the relation in which he stands to others, and in which others stand to him; that the act he is doing is contrary to the plain dictates of justice and right, and injurious to others, and the violation of the dictates of duty."

The other charges are as follows:

"(10) If from the evidence in this case you have a reasonable doubt that defendant was sufficiently sober to form a specific intent to take life, you cannot convict him of murder in the first degree."

"(20) The presumption in this case is that the defendant is innocent until the state has proven beyond all reasonable doubt that he is guilty; and, if the jury have a reasonable doubt growing out of the evidence as to whether he was sufficiently sober to form a specific intent to take life, then the jury cannot find the defendant guilty of murder in the first degree."

HENRY K. DICKINSON, and JOHN K. WATKINS, for appellant. The previous difficulty was not part of the res gestæ, but was testimony of a distinct felony, and hence, improperly admitted.—*Redd v. State*, 68 Ala. 497; *Maxwell v. State*, 89 Ala. 164; *Cauley v. State*, 92 Ala. 71. The gun was certainly not a part of the res gestæ and its admission was error.—Authorities supra. This was also true in reference to the shells. The motive or intent of defendant in killing the woman was inadmissible, but having been asked by the state the answer of defendant should have been admitted.—*Stewart v. State*, 78 Ala. 432; *Seams v. State*, 84 Ala. 410. The court erred in not excluding the solicitor's remarks which were objected to.—2 Enc. P. & P. 736. Charge 10 should have been given.—*Morrison v. State*, 84 Ala. 405; *King v. State*, 90 Ala. 612. Charge 13 should have been given.—*Beasley v. State*, 50 Ala. 150; S. C. 1 Lead. Cr. Cases, 87. Charge 20 should have been given.— *Whitten v. State*, 115 Ala. 73; *Morrison v. State*, supra.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

SAYRE, J.—The defendant was convicted under an indictment which charged that he unlawfully, and with malice aforethought, killed Mariah Aldridge by striking her with an axe.

The state's principal witness testified that at the time of the killing he was at the house of deceased; that defendant, deceased, and one Irene Spratling were also there; that a dispute arose between defendant and the two women about making change for some whisky that defendant had sold to the women; that a fight ensued, in which defendant shot and killed Irene Spratling; that deceased immediately ran from the room in which

the shooting was done into another room, whither defendant followed her; that he heard a scuffle and a gunshot in the room to which they went; that deceased then fled from the house, defendant in pursuit; that defendant picked up an axe as he passed the woodpile; that defendant overtook deceased several hundred yards up the road, and there killed her with the axe.

Defendant (appellant) here complains that his objection to the testimony showing the killing of the Spratling woman should have been sustained in the court below. Defendant's objection was clearly without merit. The evidence objected to tended to prove a distinct felony committed by the prisoner, for which he was not on trial, but it was admissible nevertheless for the reason that the killing of the two women constituted the res gestæ of one continuous transaction. The killing of each shed light upon the killing of the other, in that it tended strongly to show the hostile spirit which actuated defendant throughout the transaction.—*Smith v. State,* 88 Ala. 73, 7 South. 52; *Kennedy v. State, infra,* 62 South. 49.

It is common practice, and has often had the approval of this court, to give in evidence the weapon with which a homicide has been committed. The deadly character of the weapon used tends to show the felonious intent. In view of the connection between the two transactions and the tendency of each to illustrate the other, and in view especially of the inference which the jury may well have drawn that defendant first tried to kill deceased with the gun, there was no error in allowing the gun in evidence in this case.

Laura Miller, a witness for the state, testified that she lived within a few hundred yards of the home of deceased, Mariah Aldridge, and that defendant immediately after the killing came to her house and left a shot-

gun and two loaded shells with direction that they be given to his boy. Defendant had pleaded not guilty and the special plea of not guilty by reason of insanity. The testimony of this witness tended to prove defendant's reasoned conduct immediately after the killing, and was competent in rebuttal of defendant's theory that his faculties were so disturbed and disordered that he could not have entertained the specific intent to kill which was a material element of the offense charged against him. Defendant did not object to the statements of the witness. He did, however, object to the introduction of the shells in evidence. But the same considerations which made the gun admissible made the shells admissible also, and, besides, their production tended in some degree to corroborate the testimony of the witness. In this we think no error has been shown.

A defendant should not be allowed to state in his own behalf the uncommunicated motive or intention with which he did an act, nor should it be called for; but on cross-examination it is competent for the prosecution to inquire about his motives or reasons.—5 Mayf. Dig. p. 397, § 568.

Defendant had testified that he was so under the influence of whisky and cocaine that he did not know what had taken place on the occasion in question, as he had a right to do. Under these circumstances the question put to defendant on cross-examination was not improperly allowed; nor was there error in the court's refusal to exclude the answer, even though it be considered to have been harmful to the defendant, which hardly seems to have been possible.

The killing of Irene Spratling having been properly admitted in evidence, the solicitor's comments on the fact, and his argument in respect to the state of mind

evidenced by it, were proper, and the court committed no error in overruling defendant's objection thereto.

In substance we have already stated defendant's testimony in regard to his having drank whisky and taken cocaine and its effect upon him at the time of the killing. Evidence for the state went to show that defendant had with him at the time a sack containing several bottles of whisky, and that about five hours after the killing defendant was found apparently asleep in a clump of bushes on the side of the road about a mile and a half from the scene of the tragedy. This evidence made the fact of defendant's drunken condition, its extent, its effect upon his mental operations at the time of the killing, and whether the intoxication rendered him incapable of premeditation, deliberation, and that formed design to take life which constitutes legal malice, proper subjects of inquiry, and gave the defendant the right to have the jury instructed as to the law of such cases.— *King v. State,* 90 Ala. 612, 8 South. 856.

Charge 13, refused to the defendant, is framed in the language of Chief Justice Shaw of Massachusetts, quoted with approval in *Beasley v. State,* 50 Ala. 150, 20 Am. Rep. 292. In defining that insanity which suffices to excuse crime it is safer at this day to follow our later decisions.—*Parsons v. State,* 81 Ala. 577, 2 South. 854, 60 Am. Rep. 193; *Parrish v. State,* 139 Ala. 16, 36 South. 1012. But in this case it is unnecessary to go into the question, for the reason that there was no evidence that defendant was afflicted with a disease of the mind. The charge was therefore abstract.

The other two charges requested by defendant were intended for application to that phase of the case made by the testimony tending to show defendant's drunkenness, and were relevant statements of the law involved in that testimony and the plea of not guilty. They did

not touch upon the question of insanity or mental disease. They were not calculated to produce in the minds of the jury any confusion in respect to the different issues raised by the defendant pleas. They correctly stated the law, and should have been given.—*Morrison v. State*, 84 Ala. 405, 4 South. 402; *King v. State, supra; Whitten v. State,* 115 Ala. 72, 22 South. 483. For the refusal of these charges the judgment of conviction must be reversed.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.