## Henderson *v.* The State.

### Assault and Battery.

(Decided August 1, 1916.  72 South. 590.)

1. **Assault and Battery; Res Gestae.**—The fact that, while witness was on the ground, where he had been felled by defendant's blow, and while begging defendant not to strike him again, his little boy ran up to them, and defendant in a threatening manner drew back at the boy with a piece of hoe handle, and other circumstances all growing out of the main altercation, and a part of one continuous transaction, was of the res gestae, and properly admitted as such.

2. **Same; Former Difficulty.**—In such prosecution, evidence of a former difficulty with defendant, was admissible, the details thereof being excluded.

3. **Witnesses; Examination; Responsive Answer.**—The answer "Yes, Otis was hitting Mr. Henderson with a hoe," was not responsive to the question, "And your father said something, didn't he?" and was properly excluded.

4. **Assault and Battery; Malice.**—In a prosecution for an assault with intent to murder, evidence that a few months before the difficulty, defendant had made threats to get the assaulted party, was competent as evincing hostility, malice and criminal intent.

5. **Trial; Argument of Counsel.**—Where there was no legitimate inference to be drawn from the evidence, and the recital of the bill of exceptions, opposed to the conclusion that the solicitor's argument and his illustration as to how the first blow produced a wound on the head of the assaulted party, the illustration being with a stick of wood, was not supported by the evidence, the argument and illustration were authorized, and proper.

6. **Charge of Court; Character.**—A charge as to good character being sufficient to raise a reasonable doubt, was properly refused where it did not hypothesize that such good character be considered in connection with the other evidence in the case.

APPEAL from Coffee Circuit Court.

Heard before Hon. A. B. FOSTER.

John Henderson was convicted of an assault and battery, and he appeals.  Affirmed.

[Henderson v. The State.]

J. A. Carnley, for appellant.  W. L. Martin, Attorney General, and P. W. Turner, Assistant Attorney General, for the State.

Pelham, P. J.—The defendant was charged in an indictment in regular form with an assault with intent to murder, and convicted of an assault and battery.

(1) The court properly allowed the assaulted party, as a state's witness, to narrate the circumstances attending the commission of the assault on him by the defendant, including the fact that the witness' little boy ran up to them, whereupon the defendant drew back in a threatening manner at the boy with a piece of a hoe handle.  This was shown to have taken place, according to the testimony of the witness, while the witness was on the ground, where he had been felled by a blow from the defendant, and while begging the defendant not to strike him.  All of this grew out of the main altercation and was a part of one continuous transaction, and properly admitted as part of the res gestæ.—*Granberry v. State*, 182 Ala. 4, 62 South. 52; *Kennedy v. State*, 182 Ala. 10, 62 South. 49.

(2) It appears from the evidence set out in the bill of exceptions that the court allowed the witness Brown to testify to the fact of a former difficulty with the defendant, and limited his testimony to that, and refused to allow inquiry as to the details of the prior difficulty.  The rulings of the court in this particular were entirely correct.—*Garrett v. State*, 76 Ala. 18.

(3) The answer of the witness Brown to the question: "And your father said something, didn't he?"  "Yes; Otis was hitting Mr. Henderson with the hoe"—was not responsive, and was properly excluded on that ground.—*Fleming v. State*, 150 Ala. 19, 43 South. 219.

(4) The testimony of the witnesses Yancey and Whitehurst that the defendant had, a few months before the difficulty, made threats "to get" the assaulted party was properly admitted.  It was competent as evincing hostility, malice, and criminal intent. —*Walker v. State*, 85 Ala. 7, 4 South. 686, 7 Am. St. Rep. 17; *Rains v. State*, 88 Ala. 91, 7 South. 315.  The weight and probative force of the threats were a question for the jury.—*Ford v. State*, 71 Ala. 385.

(5) The fact that the solicitor, in the course of his argument, undertook to demonstrate and show how the first blow

[Henderson v. The State.]

produced the wound on the assaulted party's head, by illustrating with a stick of wood and the assaulted party, would not constitute reversible error unless the illustration was not supported by, or based upon, the evidence in the case. There is no legitimate inference to be drawn from the evidence and the recitals of the bill of exceptions, as to the solicitor's argument or act in illustrating it, opposed to the conclusion that the illustration was supported by the evidence. An argument which states fairly inferences to be drawn from any fact in the case is proper (*Shirley v. State,* 144 Ala. 35, 40 South. 269) ; and it is not reversible error for the court to permit counsel to embellish argu-· ment by illustration.—*Peel v. State,* 144 Ala. 125, 39 South. 251. See, also, *Gibson v. State,* 8 Ala. App. 56, 62 South. 895, where it was held not to be reversible error to permit the solicitor, during the course of the examination of a witness, to attempt to illustrate by physical demonstration the relative positions of different persons at the time the crime was committed that the accused was charged with. It was within the legitimate bounds of argument for the solicitor to make use of physical demonstration to fairly illustrate the testimony of a witness in the case. It is always proper to refer to, comment upon, or illustrate facts in evidence, or inferences fairly deducible therefrom. The rule as to what is legitimate argument in criminal cases is ably discussed in *Cross v. State,* 68 Ala. 476, *Hobbs v. State,* 74 Ala. 41, and *Childress v. State,* 86 Ala. 77, 5 South. 775. Under the rules laid down in these cases, there is nothing in the argument or conduct of the solicitor in illustrating his argument, to which exception is noted, that would justify us in holding that it was unauthorized or illegitimate.

(6) The written charge refused to the defendant did not require the evidence of good character sufficient to raise a reasonable doubt to be considered with the other evidence in the case, and was properly refused.—*Allen v. State,* 8 Ala. App. 228, 62 South. 971; *Johnson v. State,* 94 Ala. 35, 42, 10 South. 667.

We find no reversible error in the record.

Affirmed.