39 So.2d 419

**MORAN v. STATE.**

6 Div. 584.

Court of Appeals of Alabama.

Jan. 11, 1949.

Rehearing Denied Jan. 25, 1949.

Joe G. Burnett, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge

Defendant below was indicted and convicted for assault with intent to rape. He interposed a dual defense of not guilty and not guilty by reason of insanity.

The prime factual inquiry centers around the contention of the accused that he was too drunk to form any intent to commit the crime. In support of this claim he testified that during a period from about an hour before until at least this long after the time fixed for the commission of the offense, he was intoxicated to the extent that he was completely "blacked out" mentally. In other words, according to his testimony, he had no recollection whatsoever of any occurrence during this interval.

Several State's witnesses, including the prosecutrix, testified that the defendant was drinking, but that he was not drunk; that he was intoxicated only to a slight degree.

In this state of the evidence, the appellant tendered two unnumbered charges. For convenience of identification, we will number them 1 and 2.

The matter of the refusal of these instructions presents the only questions of material moment incident to our review.

We cannot agree with the Assistant Attorney General in his insistence or suggestion that the charges are substantially covered by the court's oral charge.

In response to the plea of not guilty by reason of insanity, the court's instructions followed in effect the rule declared in the case of Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am.Rep. 193, and many other opinions which have followed. He fails, to give any explanation of or effectiveness to the doctrine of drunkenness or intoxication as a defense for crime.

There were no written instructions given for the appellant.

It is contended, also, that the claim of total, mental "blackout" is refuted and made incredible by the acts and conduct of the accused during the period of time in question. This relates to evidential factors in which there are conflicts. The court had no authority of law to withhold any instruction which was legal in form and referable to any aspect of the evidence. This statement, of course, is without affect in cases where the same principles were substantially covered in either

the oral charge or given written instructions.

Without doubt we are faced with the task of deciding the question on the sole basis of the legal soundness vel non of the charges, or either of them.

█ Refused charge number 1 is an exact counterpart of an instruction which was refused in Whitten v. State, 115 Ala. 72, 22 So. 483. In response to this review the court held:

, "We are of opinion the charge should have been given. In order to convict under the statute for an assault with intent to ravish, it is necessary to satisfy the jury beyond a reasonable doubt that the defendant entertained the specific intent charged, and made the assault, to accomplish the specific purpose. Mere drunkenness does not excuse or palliate an offense, but it may produce a state of mind which incapacitates the party from forming or entertaining a specific intent. If the mental condition is such that a specific intent cannot be formed, whether this condition is caused by drunkenness or otherwise, a party cannot be said to have committed an offense, a necessary element of which is that it be done with a specific intent."

Two charges, in all purposeful effects the same, were refused in Granberry v. State, 182 Ala. 4, 62 So. 52, 54. In treating the action of the lower court in disallowing the instructions, the court said:

"The other two charges requested by defendant were intended for application to that phase of the case made by the testimony tending to show defendant's drunkenness, and were relevant statements of the law involved in that testimony and the plea of not guilty. They did not touch upon the question of insanity or mental disease. They were not calculated to produce in the minds of the jury any confusion in respect to the different issues raised by the different pleas. They correctly stated the law, and should have been given."

So far as we are able to find, the Supreme Court has not in any subsequent opinion changed nor departed from the rule declared in the two cases, supra.

It follows, therefore, that the judgment of the circuit court is ordered reversed and the cause remanded.

Reversed and remanded.

On Application for Rehearing.

On application for a rehearing the Assistant Attorney General urges that on the authority of Bell v. State, 140 Ala. 57, 37 So. 281, 285, charges 1 and 2 in the instant case were properly refused.

We did not overlook the Bell case, and we studied it with considerable care. It there appears that the defendant's plea of not guilty by reason of insanity was strenuously stressed in the evidence. In passing on the action of the lower court in refusing a *large* number of written instructions, Justice Tyson stated: "However this may be, under the issues upon which the case was tried all the charges were properly refused."

We think that it is here indicated that the court regarded the question of insanity vel non to be the prime factual issue. The matter of the refusal of the charges seems to have been slightly considered in view of the manner of their tender.

It is true that in the case at bar a plea of not guilty by reason of insanity was interposed. However, there was no evidence to support the plea.

█ The defense of drunkenness as a legal excuse for the commission of the alleged offense was available to the accused under the plea of not guilty and without reference to the special plea. Granberry v. State, supra.

█ If we are mistaken in our interpretation of the opinion in the Bell case, we are faced with the holding in the Granberry case which is a subsequent pronouncement of the Supreme Court. We think that this latter case is in point and controlling; and of course we must take it as our guide. Title 13, Sec. 95, Code 1940.

Application for rehearing overruled.