LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction on a plea of guilty of robbery in the first degree and sentence to imprisonment for thirty-five years.
During the arraignment it was made known to the Court by defendant’s attorney, and by defendant by documents signed by both, that defendant waived his right to a trial by jury and desired to plead guilty to robbery in the first degree as charged in the indictment. Among several questions the trial judge asked the defendant was the question, “What did you do that prompted you to plead guilty?” The defendant replied in part, “. .. I was drunk at the time and didn’t know what I was doing... .”
The only issue on appeal is whether the trial court should have accepted the plea of guilty without further inquiry of the defendant as to his intoxication. It is clear that in all other respects all requirements were met for the acceptance of a plea of guilty and adjudication thereon.
No part of the transcript, other than that which is contained in the statement of defendant quoted above, pertains to the extent of his claimed intoxication.
If a person is so drunk or so under the influence of intoxicating liquor or drugs that he is incapable of forming the required felonious intent to steal, he cannot be convicted of larceny. Johnson v. State, 32 Ala.App. 217, 24 So.2d 228 (1945); Green v. State, Ala.Cr.App., 342 So.2d 419 (1977).
Robbery, as now proscribed by statutory law, “embraces acts which occur in an attempt to commit or the commission of theft, or in immediate flight after the attempt or commission.” Code of Ala., § 13A-8-40(b). The statement of defendant can be properly construed as an assertion that he was so drunk as to make him incapable of possessing the requisite criminal intent to commit the alleged crime. On the other hand, the statement, under the circumstances here involved, is somewhat cryptic and is worthy of further investigation as to its full signification.
Before coming to a conclusion as to the validity vel non of the judgment of conviction and sentence, we remand the case to the trial court with directions that it conduct a hearing at which the defendant will be given the opportunity to amplify his statement quoted above. If he does not avail himself of such an opportunity, the statement will be treated by us as insufficient to vitiate the judgment, which in all other respects is clearly valid. Whatever statement defendant makes on the hearing to be conducted will thereafter be considered by this Court in determining whether he was validly convicted. In conducting the hearing, the trial court should make clear to the defendant the effect of voluntary drunkenness upon the question of his guilt.
After the return by the trial court as to this order remanding the case to it for the purpose stated, each party shall have fifteen days to file a brief in this Court, and the opposing party shall have ten days thereafter to file a reply brief, before action by this Court on the issue then before it.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article *1241 (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.