Willie Minnifield was indicted for and convicted of sodomy in the first degree, pursuant to § 13A-6-63, Code of Alabama 1975, and sentenced under the Habitual Felony Offender Act to life imprisonment without parole.
The evidence is undisputed that on April 19, 1980, an act of sodomy, as defined in §§ 13A-6-63 and § 13A-6-60 (2), Code of Alabama 1975, was committed on a three-year-old boy in an abandoned house near his grandmother's home. The boy had been missing for several hours and was found after dark in the abandoned home as a result of a police search of the neighborhood.
The police officers located the boy by flashlight and testified that when he was discovered he was lying, nude from the waist down, beside the appellant. The appellant was not wearing any pants at the time.
An examination of the appellant's clothing revealed a mixture of blood and fecal matter on his undershorts, the bottom of his sweater, his undershirt and the front of his pants.
The appellant entered a plea of not guilty and testified that, although he remembered entering the abandoned house at approximately 7:30 p.m. to "sleep-off" the effect of some alcohol and drugs that he had consumed, he did not know where the boy came from and he did not touch the boy. He stated that he was on probation and parole at the time, and chose to sleep in the abandoned house rather than risk an arrest for public drunkeness. He testified that he had consumed six or seven beers, two "fifths" of wine and a half pint of gin during the day prior to entering the abandoned house at 7:30 p.m.
 I
The appellant was not denied his right to a "speedy trial." He was arrested on April 19, 1980, the date of the instant offense, and indicted on June 6, 1980. Several unexplained continuances delayed his scheduled trial date until December 19, 1980, on which date a crowded trial court docket caused a further continuance to March 30, 1981. On March 25, 1981, a final unexplained continuance to June 29, 1981, was granted the State. On March 26, 1981, the appellant filed a "speedy trial" motion requesting that the trial be conducted as previously scheduled on March 30, 1981. This motion was denied, but the trial was held as scheduled on June 29, 1981, approximately 14 months after appellant's initial arrest, and only three months after his request for a speedy trial.
The only prejudice claimed by the appellant due to this trial delay is his incarceration between the arrest and trial. However, according to his own testimony, the appellant was on probation and parole at the time of his arrest in the instant case. For aught that appears in the record, his incarceration prior to his trial for the instant offense resulted from a revocation of his parole or probation or both.
In any event, we have reviewed the facts and circumstances of the delay in this case in light of the standards established inBarker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972). On the authority of our recent holdings in Byrd v.State, 421 So.2d 1344 (Ala.Cr.App. 1982), and Cofer v. State,440 So.2d 1116 (Ala.Cr.App. 1983), we here conclude that in this instance, the trial delays (14 months from date of arrest and only three months from the date of the filing of the speedy trial motion) were not long enough to be "presumptively prejudicial", were not "patently offensive" to this appellant, and did not deny him his constitutional right to a speedy trial.
 II
The appellant further contends that the trial court erred by refusing to give appellant's charge on intoxication. The requested charge, a photostatic copy of a page from an unidentified reference book with the undesired portions marked out, (R. 164) stated as follows: *Page 755 
 "1. It is for you to determine the extent of the defendant's intoxication, and whether it operated to prevent his forming the intent necessary to constitute the crime.
 "2. Whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute a particular type or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act. Any intoxication, not necessarily total, may be considered on the question of intent.
 "3. The term `intoxication' means a condition resulting from the drinking of alcoholic beverages which impair a person's normal faculties — either of perception or will or judgment — so that he or she no longer has the capacity to know the nature of the act he is committing, or the capacity to form an intent to commit such an act."
Jury instructions, even those stating accurate legal principles, are properly refused if they are confusing or misleading or fail to relate such legal principles to the facts of the case at bar. See, Brown v. State, 39 Ala. App. 149,96 So.2d 197 (1957); Hudson v. State, 335 So.2d 208 (Ala.Cr.App.), cert. denied, 335 So.2d 211 (Ala. 1976); Wyrick v. State,409 So.2d 969 (Ala.Cr.App. 1981); Rogers v. State, 417 So.2d 241
(Ala.Cr.App. 1982). See also, People v. Summer, 64 A.D.2d 658,407 N.Y.S.2d 53 (1978).
Appellant's requested instruction on "intoxication" is generally faulty because it is incomplete, confusing and misleading. It contains more than one principle of law. It defines "intoxication" in a manner which is somewhat inconsistent with the definition of "intoxication" set forth in § 13A-3-2 (e)(1), Code of Alabama 1975. Most noticeably, it fails to instruct the jury with reference the effect of such legal principles on the facts and issues of the instant case.[1]
Therefore, it was properly refused.
Furthermore, even if an "intoxication" instruction was justified by the evidence, the trial court will not be placed in error for failing to so charge because a proper instruction was not here requested by the appellant. Green v. State,342 So.2d 419 (Ala.Cr.App. 1977).
 III
Appellant's other contention on appeal is without merit. The trial court did not err in denying appellant's motion for a mistrial on the ground that evidence, from witness Knoppenger's toxicology report, should have been excluded because appellant was not provided a copy of the report prior to trial. The State was not required to provide the appellant with a copy of this report. Brown v. State, 401 So.2d 213 (Ala.Cr.App.), cert. denied, 401 So.2d 218 (Ala. 1981). Although the appellant filed a motion to produce, which included a request for any toxicology reports, he never obtained a ruling thereon from the trial court. See, Heard v. State, 351 So.2d 686, 688
(Ala.Cr.App. 1977).
Moreover, there was evidence that the State's attorney did not even have a copy of the report. In any event, the appellant was not denied a copy of the report, because this is a public record which he could have obtained from the Auburn Laboratory Headquarters. (R. 93).
There being no error in this record, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. BOWEN, P.J., in result only.
[1] For examples of proper "intoxication" instructions in other situations see, Johnson v. State, 32 Ala. App. 217, 24 So.2d 228
(1945) (negating "felonious intent to steal" in larceny case);Moran v. State, 34 Ala. App. 238, 39 So.2d 419 (1949) (negating "intent to ravish" in assault with intent to rape case);Lawrence v. State, 341 So.2d 188 (Ala.Cr.App. 1977) (negating "intent to kill" in homicide case). *Page 756