SAM TAYLOR, Judge.
Thomas Dixon was convicted by a Tuscaloosa County jury of the first degree theft of a Massey-Ferguson farm tractor; he was sentenced to life imprisonment under the Habitual Felony Offenders’ Act.
The state’s evidence tended to show that appellant and three other men hooked a 1981 Massey-Ferguson farm tractor to a pickup truck in Tuscaloosa and towed it, via back roads, to Greene County. They delivered it to one Bush, who had promised to pay $6,000 for the tractor.
I
Appellant contends that he was either unconscious, not present or too intoxicated to formulate an intent during the occurrence of all the events crucial to the commission of the crime. As appellant’s counsel points out in brief, “Mr. Dixon’s case rested heavily upon the defense of intoxication.” The court correctly stated to the jury that voluntary drunkenness is not ordinarily an excuse to a criminal charge. The court undertook to state the exception to the rule that if the accused is so intoxicated as to be unable to formulate an intention, and if intent is an element of the crime, then he cannot be convicted of the crime. The court charged:
“No person can go out here and voluntarily get drunk and come into this court and use that as an excuse for you, ladies and gentlemen, to say he is not guilty. We just don’t operate the law in that fashion. However, if he becomes so intoxicated that his mind ceases to function as a mind and he becomes an idiot, if he is not oriented as to who he is or where he is or things of that nature, if he is idiotic, then of course, that could be an excuse to commit a crime. But voluntary intoxication is not an excuse to come to you and ask for a verdict of not guilty unless he is completely idiotic, his mind ceases to function. I want to point that out to you because there has been quite a bit said about drinking in this case. I want you to remember that.
[[Image here]]
“... I want to repeat to you that any person who goes out here and gets drunk and comes into court and says, ‘Oh, you can’t convict me because I was drunk’, voluntary intoxication is no excuse'for the commission of a crime. If the evidence shows a person, an accused, was in a state of stupification, idiotic, and his mind was such that he could not function properly to know what he was doing, where he was and things of that nature, that he was disoriented, then that would be worthy of your serious consideration as to whether or not he was guilty. But I want to repeat, ladies and gentlemen, this all goes to you to decide. You are to decide what actually occurred on this occasion, and I will ask you to use your common sense. That is all I can do.”
This charge incorrectly states the law; idiocy is not the measurement to be employed by the jury. The court erred to reversal in giving this charge.
II
Appellant also challenges the following charge made by the trial judge regarding the testimony of the FBI agent:
“You have a right to consider the circumstances under which the statement was given because you are to say whether or *459 not this agent of the Federal Bureau of Investigation got upon this witness stand, ladies and gentlemen, and the county of Tuscaloosa and city of Birmingham [sic] and told you a lie about what this witness said when he testified. This is for you to say, ladies and gentlemen, not me.”
This charge telegraphs to the jury that the court believes the testimony of the witness, thereby bolstering the witness’s testimony. The court erred to reversal in giving this charge.
Section 12-16-11, Code of Alabama 1975, provides that a judge shall not charge upon the effect of a witness’s testimony. Our court in Richardson v. State, 403 So.2d 293 (Ala.Cr.App.), aff’d, 403 So.2d 297 (Ala. 1981), quoted the following with approval:
“The weight to be given to the evidence is wholly within the province of the jury, and any invasion of this province by the court in its orders is error; and any statement by the court, however unintentional, made in the presence of the jury, calculated to control the jury in its consideration of the weight to be given to testimony, will work a reversal, unless it be clearly shown that such remarks have been explained and excluded from them.” Griffin v. State, 90 Ala. 596, 8 So. 670, 673.
Agent Yessick had testified that Dixon said that he himself agreed to sell the tractor to the fence for $6,000, payable on delivery. Agent Yessick also testified that Dixon said he and three others took the tractor to Eutaw, Alabama, and stored it. Appellant Dixon denied making both of these statements. The issue regarding Agent Yessick’s testimony was properly preserved.
The appellant further points out that the court gave the definition for theft of property in the second degree rather than the definition of theft of property in the first degree as was charged and for which appellant was convicted. Appellant further charges the court erred in explaining the concept of reasonable doubt, and other matters.
Since we are obliged to reverse this case for the reasons stated, we will not go into the other errors alleged in brief because of the likelihood that they will not be repeated upon a subsequent trial. Accordingly, this ease is reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concurred.