494 So.2d 184 (1986)
Steve COON
v.
STATE.
4 Div. 348.
Court of Criminal Appeals of Alabama.
July 15, 1986.
*185 Larry R. Grissett, Opp, for appellant.
Charles A. Graddick, Atty. Gen., and James B. Prude, Asst. Atty. Gen., for appellee.
McMILLAN, Judge.
This appeal follows a conviction for the offense of attempted arson in the second degree, in violation of § 13A-7-41, Code of Alabama (1975), and a sentence of fifteen years' imprisonment. For the reasons outlined below, we reverse and remand.
At the trial of the case, the appellant's girl friend, Charlotte Street, testified that on the morning of November 12, 1984, she used some kerosene (which she stored in a container or "jug"), to start a fire at her house. According to Ms. Street, the appellant was with her at the time and they began to argue. Ms. Street testified that she went next door to her sister's house, but the appellant followed her there and they continued to argue. Ms. Street testified that while she was at her sister's house, the appellant pulled a knife and threatened her. Ms. Street stated that she and her sister were able to "push" the appellant out of the house and close the front door. According to Ms. Street, the appellant had been drinking "Thunderbird" wine earlier that morning, before they began to argue.
Ms. Street testified that a few minutes after the appellant left, she observed that the kerosene container which she had used earlier that morning was lying on her sister's front porch. Ms. Street admitted that she did not see the appellant pour kerosene on the porch. According to her testimony, however, Ms. Street did see a "wet spot" which she identified as kerosene because of the odor.
Essie Anderson, the sister of Charlotte Street, testified that, on the morning in question, she overheard her sister arguing with the appellant next door. Ms. Anderson stated that a short time later Charlotte came to her house, but was followed by the appellant. The appellant continued to argue with Charlotte, according to the witness, and threatened her with a knife. Ms. Anderson stated that because of the appellant's behavior, she and her sister forced the appellant to leave the house and "pushed" him out the front door.
Ms. Anderson testified that a few moments later, after the appellant left, she heard something hit her front porch and saw the appellant "standing out there trying to strike a match to throw on the porch." According to her testimony, Ms. Anderson observed the appellant strike and throw down several matches, but she did not actually see him pour kerosene on her porch. Ms. Anderson stated that there was a "wet spot" on her front porch, which she determined to be kerosene. According to Ms. Anderson, the appellant had been drinking during the morning and appeared to be intoxicated.
Jerry Williamson of the Andalusia Police Department testified that, on the day in question, he responded to a call at Essie Anderson's house. He testified that when he arrived, he observed a kerosene container on the front porch of the house, and a "puddle" of kerosene next to the container. Officer Williamson also stated that he observed several "burnt matches," which were in the middle of the spilled kerosene. When Officer Williamson talked to the appellant later that morning, he noted that *186 the appellant had been drinking, but did not determine whether he was intoxicated.
Billy Treadway, Investigator, Andalusia Police Department, testified that he arrived at Ms. Anderson's house and observed kerosene spilled on the front porch and several struck matches in the center of the kerosene. A few hours later, Investigator Treadway testified, he talked with the appellant and noted that the smell of alcohol was on the appellant's breath. Investigator Treadway concluded that the appellant "had been drinking."
On his own behalf, the appellant testified that he, along with Sid White (who was also Essie Anderson's live-in boyfriend), had been drinking "Thunderbird" wine on the morning in question. According to the appellant, he and Sid got into an argument and Sid pulled out a knife. The appellant testified that he picked up the kerosene container and threw it at Sid, but that it landed on the porch. Although the appellant admitted that he threw the kerosene jug on Ms. Anderson's porch, he denied that he "threw any matches down."
Several issues are raised on appeal; however, because the appellant successfully raised the issue of the failure of the trial court to give a requested charge, our discussion will be limited to that issue.
At trial, defense counsel properly submitted certain written jury instructions to the trial court, including a jury charge on intoxication as a defense where the appellant may have been incapable of forming the requisite specific intent to commit the crime of attempted arson. The appellant's requested jury charge is stated as follows:
"I charge you the jury that if you find from the evidence that the Defendant was voluntarily intoxicated to the extent that he could not form the necessary specific intent to damage a building by starting or maintaining a fire or causing an explosion when another person was present in the building at the time and that he knew that fact or the circumstances were such as to render the presence of a person therein a reasonable possibility then you can not convict the Defendant."
In determining whether the trial court's refusal to give this instruction to the jury was reversible error, we must determine first whether the appellant was entitled to an instruction on intoxication and, if so, then whether the particular instruction submitted was valid and proper.

I.
A trial court has broad discretion in formulating its jury instructions, provided they are an accurate reflection of the law and facts of the case. United States v. Padilla-Martinez, 762 F.2d 942 (11th Cir.1982). However, a "defendant is entitled to have the court instruct the jury on his defense theory, `assuming that the theory has foundation in the evidence and legal support.' United States v. Conroy, 589 F.2d 1258, 1273 (5th Cir.1979)." United States v. Terebecki, 692 F.2d 1345, 1351 (11th Cir.1982). In order to determine whether the evidence is sufficient to necessitate an instruction and allow the jury to consider the defense, "we must accept the testimony most favorably to the defendant." (Citations omitted.) United States v. Lewis, 592 F.2d 1282, 1286 (5th Cir.1979). The Alabama Supreme Court has indicated that proper written requested instructions must be given "which are supported by any evidence, however weak, insufficient, or doubtful in credibility." Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978). See also Ashlock v. State, 367 So.2d 560, 561, (Ala. Cr.App.1978), cert. denied, 367 So.2d 562 (Ala.1979); Giles v. State, 366 So.2d 351 (Ala.Cr.App.1978). As to the sufficiency of the evidence for mandating a jury charge on intoxication, one court has written as follows:
"The Government argue[d] that the evidence of intoxication was insufficient to require any intoxication charge whatsoever. In so arguing the Government points out that none of the witnesses who had observed [appellant] would state that he was drunk and that [appellant] had the mental capacity to plan and commit the crime.... Nevertheless we cannot *187 disregard the testimony that [appellant] had a great deal to drink prior to the [crime]. As long as there is an evidentiary foundation in the record sufficient for the jury to entertain a reasonable doubt, a defendant is entitled to an instruction on his theory of the case. See e.g., Charron v. United States, 412 F.2d 657, 660 (9 Cir.1969); United States v. Fellabaum, 408 F.2d 220, 227 (7 Cir. 1969); Sparrow v. United States, 402 F.2d 826, 828 (10 Cir.1968)." Government of the Virgin Islands v. Carmona, 422 F.2d 95 (3rd Cir.1970) n. 6 at 99-100.
While voluntary intoxication can never "excuse or justify a criminal act," it "can be a complete defense in cases where an accused is charged with a crime requiring a specific intent, for the reason that if specific intent is an essential element of a crime, and such specific intent is lacking because of the incapacity of the accused to entertain specific intent, the crime has not been committed." (Citations omitted.) Harrell v. State, 593 S.W.2d 664, 670 (Tenn.Cr.App.1979).
The State argues that the appellant is not entitled to the requested intoxication charge, because he denied pouring the kerosene; the State argues that the defense should not be available to him if he alleges that he did not commit the act. However, this court has examined this issue as it relates to the defense of entrapment. Although the defense of entrapment is ordinarily unavailable to a defendant who denied doing the act for which he was indicted, where no evidence "inconsistent with the defense" was introduced, then a plea of not guilty is not repugnant to the defense. "A plea of not guilty merely says that the defendant claims he is not guilty of the crime charged." Cook v. State, 431 So.2d 1322, 1325 (Ala.1983). This court has addressed a case in which the appellant claimed "that he was either unconscious, not present, or too intoxicated to formulate an intent during the occurrence of all the events crucial to the commission of the crime." Dixon v. State, 448 So.2d 457, 458 (Ala.Cr.App.1984). The court reversed Dixon, supra, finding the charge on intoxication to be an inaccurate statement of the law concerning voluntary intoxication. Further, this court has directly indicated that "[t]he defense of drunkenness as a legal excuse for the commission of the alleged offense was available to the accused under the plea of not guilty." Moran v. State, 34 Ala.App. 238, 39 So.2d 419, (Ala. Cr.App.), cert. denied, 252 Ala. 60, 39 So.2d 421 (1949), quoting Granberry v. State, 182 Ala. 4, 62 So. 52, 54 (Ala.1913). Thus, a defendant who denied committing the act for which he is indicted, should nonetheless be entitled to a jury charge on the effect of intoxication on the intent element of a specific intent crime.

II.
"Every accused is entitled to have written requested charges given which would not be misleading, which correctly state the law of the case, and which are supported by any evidence." (Citation omitted.) Roy v. State, 375 So.2d 1289, 1291 (Ala.Cr.App.1979). Thus, the charge, first, must be a correct statement of the law and, second, must not be misleading. The defendant's requested jury instruction is a correct statement of law in regard to voluntary intoxication, as well as to attempted arson in the first degree. According to Alabama Pattern Jury Instructions: Criminal, § III-C-7.1(b) (1980), a charge on first degree arson should contain the three elements established by § 13A-7-41, Code of Alabama (1975), which the appellant included almost verbatim. Further, the pattern instruction on voluntary intoxication is quite broad and states that such intoxication "is not a defense to a criminal charge, but may be considered by the jury if relevant on the question of whether the fact of intoxication negates an element of the offense charged (such as `intent')." Alabama Pattern Jury Instructions: Criminal § III-D-2(b) (1980). The appellant's requested instruction would charge the jury that it should not convict if "the Defendant was voluntarily intoxicated to the extent that he could not form the *188 necessary specific intent." This court has dealt with a case in which the trial judge stated in his instructions to the jury that the degree of intoxication sufficient to negate intent is such intoxication that the defendant is "[i]ncapable of voluntarily doing anything"; we held that to be an inaccurate rule. However, the court found that a consideration of the charge as a whole cured the inaccuracy. Lawrence v. State, 341 So.2d 188, 193 (Ala.Cr.App.1977). This court has also found that charging the jury that "idiocy" is the measurement to be employed in determining whether voluntary intoxication would be a defense incorrectly states the law. The court held that the trial court "erred to reversal in giving this charge." Dixon v. State, 448 So.2d 457, 458 (Ala.Cr.App.1984). (For an example of a proper charge on voluntary intoxication as a defense to a crime of specific intent, see Johnson v. State, 32 Ala.App. 217, 24 So.2d 228 (1945).) "The rule is that voluntary drunkenness is not a defense to a criminal charge unless it is so extreme as to render impossible some mental condition which is an essential element of the criminal act." (Citations omitted.) Lawrence v. State, supra.
The appellant's requested instruction was not misleading. A "theory of defense" instruction "must be sufficiently precise and specific to enable the jury to recognize and understand the defense theory, test it against the evidence presented at trial, and then make a definitive decision whether, based on that evidence and in light of the defense theory, the defendant is guilty or not guilty." United States v. Barham, 595 F.2d 231, 244 (5th Cir.1979). "Jury instructions, even those stating accurate legal principles, are properly refused if they are confusing or misleading or fail to relate such legal principles to the facts of the case at bar." (Citations omitted.) Minnifield v. State, 439 So.2d 753, 755 (Ala.Cr.App.1983). One court has found that an intoxication instruction was not misleading where it addressed the issue of diminished capacity as "`abnormal mental or physical condition' and `[t]he jury had no way of knowing that voluntary intoxication was to be considered' such a condition." People v. Tanner, 95 Cal.App.3d 948, 157 Cal.Rptr. 465, 472 (1979). This court has found requested instructions on intoxication to be "incomplete, confusing and misleading" where the instruction contained more than one principle of law and defined "intoxication" inconsistently with the definition in § 13A-3-2(e)(1), Code of Alabama (1975). Minnifield v. State, supra, at 755. Further, the charge in Minnifield failed to instruct the jury as to the effect of such legal principles on the issues of the case; the defendant was charged with sodomy and no mention of that crime was made in the "intoxication" instruction. Id. In Minnifield, the court stated that "even if an `intoxication was justified by the evidence, the trial court [would] not be placed in error for failing to so charge because a proper instruction was not ... requested by the appellant." (Citation omitted.) Id., at 755.
In the case at bar, the requested instruction did not contain more than one principle of law; further, it related the intoxication defense to the crime at issue, i.e., attempted arson. It was "not calculated to produce in the minds of the jury any confusion in respect to the different issues ... [and it] correctly stated the law and should have been given." Moran v. State, 34 Ala.App. 238, 240, 39 So.2d 419 (1949), quoting Granberry, supra, 182 Ala. at 6, 62 So.2d at 54. Moreover, "where there is any evidentiary support whatsoever for the availability of a legal defense, and the trial court's attention is specifically directed to that defense, it is reversible error for the court to refuse to charge the jury concerning that defense." United States v. Barham, supra, at 244.
REVERSED AND REMANDED.
TAYLOR and TYSON, JJ., concur.
BOWEN, P.J., dissents with opinion with PATTERSON, J., concurring in dissenting opinion.
*189 BOWEN, Presiding Judge, dissenting.
I dissent with the majority opinion holding that the defendant's written requested charge on intoxication was improperly refused. I find the requested charge, as set out in the majority opinion, confusing and misleading.
Intoxication may negate an element of the offense charged. Alabama Code 1975, § 13A-3-2(a). The requested charge is confusing and misleading because it in effect instructs the jury that they should find the defendant not guilty if they find (1) that he could not form the specific intent to damage a building, and (2) that he knew that another person was present in the building or should have known. As the charge stands, the jury must find that the defendant was too intoxicated to formulate a specific intent but not so intoxicated as to not know that another person was present in the building. However, the jury could have found the defendant not guilty if they found that he was intoxicated to the extent (1) that he could not form the intent to damage or (2) that he did not know another person was in the building.
I find no error in the refusal of the confusing and misleading charge.