BOWEN, Presiding Judge.
Alford Lee Toler, the appellant, was convicted for first degree rape and was sentenced to 25 years’ imprisonment. He raises two issues on this appeal from that conviction.
This is a case of “date-rape.” The appellant’s defense was that the sexual intercourse he had with the victim was consensual.
The appellant was 20 years old at the time of the incident. The victim testified that the appellant purchased a six-pack of beer for himself, four wine coolers for her, and some fireworks to celebrate the 4th of July. She testified that the appellant told her that he had been drinking “that night.” R. 63. She also testified that the appellant had “seemed fine” and that he had had no difficulty either driving his automobile or lighting the fireworks that he had purchased. R. 62-64. When asked by defense counsel on cross-examination if the appellant had told her that he “had had something like three cases of beer to drink,” the victim responded: “He said that he had had quite a bit to drink.” R. 103. The victim then indicated that the appellant’s driving was not unusual and she stated that she “didn’t believe that he had had that much to drink.” R. 104.
*409 The rape occurred around midnight on July 3, 1991. The next day, the appellant’s parents brought him to the sheriffs department after being notified that a warrant for his arrest had been issued. The appellant’s first statement was taken around noon on July 4,1991. Sheriffs Deputy John Stewart, who took this statement, testified that he did not detect an odor of alcohol about the appellant at the time, and that the appellant did not appear intoxicated. R. 199-200, 222.
At the hearing on the appellant’s motion to suppress the statements made by him to Deputy Stewart, the appellant testified that he was having an “asthma attack” when he was at the jail on July 4. R. 208. Deputy Stewart testified that the appellant did not appear to be having any medical problems during the interrogation and that he had no problems communicating with Stewart. Deputy Stewart stated that during the interview, the appellant “was smoking one cigarette after another.” R. 211. At the hearing on the motion to suppress, the appellant did not testify that he was intoxicated either at the time of the incident or when he surrendered himself to the sheriffs department.
In his closing argument to the jury, defense counsel argued that on the night of the incident “things [got] out of hand for [the victim]; that this was not the way she wanted it. This was not the way she had pictured it. She was 17 years old and it did not meet her expectations.” R. 262.
Defense counsel also argued that in the appellant’s “first statement there is a lot of mistruth in what’s happened there.” R. 271. In that statement, the appellant claimed that the victim initiated the sexual encounter and that she tore off her own clothes. In that first statement, the appellant gave no indication that he was intoxicated at the time of the incident although he did indicate that both he and the victim had been drinking alcoholic beverages before the incident.
In his second post-arrest statement to the deputy sheriff, given within the hour of the first statement, the appellant contradicted his first statement. The appellant stated that he bought two “eases” of beer and some wine coolers, and that he did have “sex” with his date. The appellant admitted that he was the one who had initiated the sexual encounter and that he had ripped off the victim’s clothes. After the incident, the appellant stated that he had told the victim he was sorry for “raping” her.
In his closing argument, defense counsel stated:
“But I submit to you that Alford Toler, a young man who cannot even read and write — I mean, he can sign, he has learned to print his name in longhand — does not know the technical definition of rape. He doesn’t know the legal definition of rape....
“So you can take that one thing and say, ‘Well, it was rape.’ But did he know what rape — what is it that he feels guilty about doing? I submit to you, if you look at the statement, it’s not for hitting her. Nor for twisting her neck the way she said. It’s because she was a virgin and she was crying. And he did stop when she said it hurt, but he started up again. And Alford did not think that was right, and he didn’t think this was right at all. Now, is that rape?
[[Image here]]
“I think I have explained that he knew that him having sex with her when she had said no was wrong.” R. 264-65, 270.
In the second statement, the appellant stated that he did not know whether the victim had a bloody nose after the incident. The deputy then asked whether there was ever a period during this time that the appellant was not “sure exactly what you’re doing?” To this, the appellant responded, “Yes, sir. I’d done had too much to drink_ Just had way too much to drink.” However, later in that second statement, the appellant acknowledged that he had drank a “little beer.” When the deputy asked whether there was a possibility that the appellant could have hit the victim but just not remembered having hit her, the appellant replied, “Yes, sir. But I did not hit her with my fist or my hand.” The appellant admitted that he did remember “this other stuff o.k.,” apparently referring to the details of the event other than hitting the victim, including the victim’s telling the appellant that she did not *410 “want to” engage in sex because she was a virgin. In both statements to the deputy, the appellant gave specific accounts of the events immediately preceding and following the act of sexual intercourse.
The major issue in this case was that of forcible compulsion. As defense counsel argued in his opening statement: “Importantly, you are going to have to focus on this element that is contained in the indictment of forcible compulsion. That is probably the heart of this case.” R. 55.
The appellant did not present any evidence supporting a defense of intoxication. The appellant did not testify in his own behalf and the only witness he called was a character witness.
I.
Defense counsel objected to the oral charge of the trial court on the ground that the court did not specifically instruct the jury that “the defendant had no burden to prove his innocence.” R. 289. The trial court thoroughly 'and repeatedly instructed the jury that the State has the burden to prove the appellant guilty beyond a reasonable doubt and that the appellant is presumed innocent. R. 278, 281-83. The trial court also instructed the jury that it could draw no inference or conclusion from the appellant’s failure to testify. R. 283.
The trial court acted within its discretion in refusing to specifically instruct the jury that the appellant did not have to prove his innocence. “Even though a refused charge may be preferred as a statement of the law over a given charge, where the given charge substantially and fairly conveys the thought or principle ‘encapsulated’ in the refused charge, then the refusal is free of error.” Harris v. State, 513 So.2d 79, 82 (Ala.Cr.App.1987). See also Burke v. State, 44 Ala.App. 879, 384, 209 So.2d 859 (1968) (requested written instruction “that ... ‘burden of proof is not on accused to establish his innocence or disprove facts necessary to establish crime with which he is charged’ ... was properly refused as being confusing”).
II.
The trial court acted within its discretion in refusing to give the written instructions requested by the appellant on intoxication as affecting criminal liability.
The appellant requested three written charges on intoxication.
# 1. “While voluntary intoxication does not excuse crime, or justify crime, its ex-cessiveness may produce such a mental condition as to render the intoxicated person incapable of forming a specific intent, if one of the elements of the crime charged requires a specific intent.” CR. 10.
# 2. “Voluntary intoxication of the Defendant at the time of the alleged crime in this instance can be a defense to the offense as charged in the indictment. For voluntary intoxication to be a defense in this case, however, you must be satisfied from the evidence that the Defendant was voluntarily intoxicated at the time of the alleged offense in this case, and further, that his intoxication was of such a character and extent as to render the Defendant incapable at the time of the alleged offense of discriminating between right and wrong; that is, the Defendant’s voluntary intoxication must have caused a stupefaction of his reasoning faculty at the time of the alleged offense.” CR. 11.
# 3. “If you find the Defendant was voluntarily intoxicated at the time of the alleged offense in this case, and further that this voluntary intoxication was of such a character and extent as to render the accused incapable of discriminating between right and wrong, then you should find the Defendant not guilty of the offense as charged in the indictment, as well as not guilty of any less[e]r included charge.” CR. 12.
In denying these requested charges, the trial court stated:
“I’m going to refuse that [# 1]. It is a correct statement of the law. There is no evidence in this case that the defendant was voluntarily intoxicated to the extent that he could not form intent. There is some allusion to the amount he had been drinking in one of the two recorded statements. And the victim testified that he *411 told her he had been drinking all day, but her evidence was such that she also indicated that his driving was okay.
“You may argue to the jury, of course, that voluntary intoxication might prevent him from being able to form the specific intent.” R. 232-33.
The trial court also refused requested charges # 2 and # 3 because he found them not applicable under the testimony presented.
“In order to determine whether the evidence is sufficient to necessitate an instruction and to allow the jury to consider the defense, we must view the testimony most favorably to the defendant.” Ex parte Pett-way, 594 So.2d 1196, 1200 (Ala.1991). See also Coon v. State, 494 So.2d 184, 186 (Ala.Cr.App.1986). “[Ejvery accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however, weak, insufficient, or doubtful in credibility.” Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978).
We find that requested charge # 1 was properly refused because “rape in the first degree does not require any specific criminal intent.” Anonymous v. State, 507 So.2d 972, 975 (Ala.1987) (emphasis in original). Compare Moran v. State, 34 Ala.App. 238, 39 So.2d 419, cert. denied, 252 Ala. 60, 39 So.2d 421 (1949) (where evidence of degree of intoxication conflicting, error to refuse to charge in prosecution for assault with intent to rape).
Requested charges # 2 and # 3 were properly refused because, although there was evidence that the appellant had been drinking prior to the time of the offense, there was no evidence that any intoxication was of such a character and extent as to render the him incapable of discriminating between right and wrong. See Miles v. State, 257 Ala. 450, 455-56, 59 So.2d 676 (1952); Kilpatrick v. State, 213 Ala. 358, 364, 104 So. 656 (1925); Hooks v. State, 534 So.2d 329, 353 (Ala.Cr.App.1987), affirmed, 534 So.2d 371 (Ala.1988), cert. denied, 488 U.S. 1050, 109 S.Ct. 883, 102 L.Ed.2d 1005 (1989); Baker v. State, 24 Ala.App. 215, 216, 132 So. 708, 709 (1931). Here, there was no evidence concerning exactly how much alcohol the appellant had consumed. Garrick v. State, 589 So.2d 760, 764 (Ala.Cr.App.1991). Although there was evidence that the appellant could not remember some details of that night, he had no difficulty recounting the details surrounding the act of sexual intercourse. Most significantly, the appellant admitted that when he was taking the victim home, he “apologized” for “raping her” [his words] and told the victim he was sorry for what had happened. This act of remorse overcomes any contention that the appellant simply was unaware of the “wrongfulness” of his conduct because of his consumption of alcohol.
Assuming that the appellant could not remember some things that occurred that night, that he had been drinking, and that he did have “way too much to drink,” there was no evidence that the appellant’s “voluntary intoxication caused a stupefaction of his reasoning faculty at the time of the alleged offense,” or that “this voluntary intoxication was of such a character and extent as to render the accused incapable of discriminating between right and wrong.”
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.